JOHN WETZ v. JOSEPH W. ELLIOTT, W. H. ELLIOTT AND PETER RUSE

PROBATE COURT—*Jurisdiction*. Probate courts have no jurisdiction to entertain actions of injunction. The grant of power under § 6, art. 15, ch. 18, of the Statute of 1893 was to grant injunctions in proceedings pending or to be brought in the probate courts and this only authorized probate courts or judges to grant injunctions where such orders were necessary to protect the jurisdiction of the probate courts, and for the proper conduct of causes of which the probate courts were given jurisdiction by § 1 of the same act, and that jurisdiction was of causes for the recovery of money or personal property, where the amount or value thereof did not exceed one thousand dollars.

*Error from the Probate Court of Woods County.*

This was an action of injunction brought by plaintiff in error here, plaintiff below, in the probate court of Woods county against Joseph W. Elliott, justice of the

peace, W. H. Elliott, special constable, and Peter Ruse, to enjoin execution upon, and collection of, a judgment in favor of Ruse, and against Wetz, for the return of certain personal property of the value of about twenty-five dollars, and costs of about ten dollars. A temporary order of injunction was duly issued, which, upon motion of defendants, was dissolved. From this action the appeal is taken. Affirmed.

*W. W. S. Snoddy & Son,* for plaintiff in error.

*L. W. DeGeer,* for defendants in error.

The opinion of the court was delivered by

Bierer, J.: The only question presented by plaintiff in error in this case is as to the jurisdiction of the probate court to award an injunction in this character of a case.

He contends that the temporary order was dissolved by the probate court because the probate court had no jurisdiction of the cause, and that was the only question presented. The motion upon which this injunction was dissolved presented this question, and in any event it is the only one necessary for our consideration.

The plaintiff in error contends that the probate court had jurisdiction of the cause, and that this jurisdiction was granted the probate court under § 6, art. 15, ch. 18 of the Statutes of 1893. This article is a part of the laws passed by the first session of the legislature of this Territory, and which took effect December 25, 1890; and if the jurisdiction is granted the probate court to issue an injunction in a purely injunctional proceeding, this conclusion must be reached from the legislation of this Territory of 1890, and the approval of the same by subsequent act of congress.

To start with, it may be taken as conceded that the

granting of an injunction is an exercise of equity juris-
diction.   Under the Organic Act of the Territory the
probate courts were not vested with equity jurisdiction,
excepting perhaps to such an extent as would embrace
cognizance of money demands of a limited amount, where
the same might arise from equitable liabilities, and this
could not be conferred on them by an act of legislature
without congressional approval.   (*Ferris v. Higley*, 20
Wallace, 375.)

The acts of the legislature of the Territory of Okla-
homa of 1890, granting extended jurisdiction to probate
courts, were, however, on March 3, 1891, approved by
act of congress in this language:

"That in addition to the jurisdiction granted to the
probate courts and the judges thereof in Oklahoma Ter-
ritory by legislative enactments which enactments are
hereby ratified." * * * (Supplement to the Re-
vised Statutes, Vol. 1, Second Edition, 929.)

And therefore these acts of the territorial legislature
must be given the same force and effect as if they were
themselves congressional enactments, and no one will dis-
pute that congress had the power to bestow upon the
probate courts of the Territory the entire and complete
chancery jurisdiction.

The question therefore resolves itself, not into one
whether the legislature of this Territory had the power
to grant jurisdiction to probate courts to issue injunc-
tions, but whether they have granted it, and if so, to
what extent; and this must be determined by a review
of all of the Territorial enactment on the question.
(*Allison v. Berger*, 1 Okla. 1; *Territory of Oklahoma,
ex rel. Sampson v. Clark*, 2 Okla. 82: *Lee v. Roberts*, 3
Okla. 106 )

The first section of art. 16, ch. 19, of the Laws of
1890, which is the article extending the jurisdiction of

the probate courts, and is art. 15, ch. 18 of the Laws of 1893, as thus published, provides:

"1.  Probate courts in their respective counties shall in addition to the powers conferred upon them by the probate chapter of the Territory, have and exercise the ordinary powers and jurisdiction of justices of the peace and shall in civil cases have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars, exclusive of costs and in action (meaning actions) of replevin where the appraised value of the property does not exceeds (meaning exceed) that sum and the provisions of the chapter on civil procedure relative to justices of the peace and to practice and proceedings in the district court shall apply to the proceedings in all civil actions, prosecuted before said probate courts: *Provi led,* That probate courts shall not have jurisdiction:

" First.  · In any action for malicious prosecution.

"Second.  In any action against officers for misconduct in office except where like proceedings can be had before justices of the peace.

" Third.  In actions for slander and libel.

" Fourth.  In actions upon contracts for sale of real estate.

" Fifth.  In any manner wherein the title or boundaries of land may be in dispute nor to order or decree the sale or partition of real estate."

Section 6 of the same article provides:

" In all cases pending or to be brought in the probate court the probate judge shall have power and jurisdiction to allow injunctions, mandates, writs of prohibition and to make all other and further orders as may be necessary ·in cases pending in said court and to hear and determine motions made to vacate or modify the same, and genererally to do as to actions pending in said courts any and all acts which the judges of the district courts are by law authorized to do.  He may also in case of the absence of the district judge from his county allow injunc-

tions in matters about to brought or pending in the district court, but he shall not have power to vacate or modify the same.   He shall have power to allow writs of *habeas corpus* in all cases provided by law, and to hear and determine the same."

And it is under § 6 of this article that it is claimed the power of the probate court to grant an injunction in this case is vested.   That section standing by itself, however, cannot give the answer to the question, for it is not a broad and comprehensive section, and does not provide that in all cases the probate judge may grant injunctions, nor does it upon its face vest a general jurisdiction in probate judges to grant injunctions, but it is a grant of jurisdiction to grant such injunctions, as well as mandates, writs of prohibition, and other necessary orders, in actions pending or about to be brought in the probate court as may be necessary in causes pending in the court; that is, it may be necessary to carry out the jurisdiction bestowed by law upon the probate court.   And we must, therefore, turn to other sections, to other parts of the statutes, to determine what that jurisdiction is.

Section 1 of the same article we think answers the question.   It is the section which gives, defines and limits the civil jurisdiction of these courts, and this, in plain language, in addition to the justice of the peace jurisdiction conferred, is a concurrent jurisdiction with the district court:

"In all civil cases in any sum not exceeding one thousand dollars exclusive of costs and in action (meaning actions) of replevin where the appraised value of the property does not exceeds (meaning exceed) that sum."

This language can only be construed to grant jurisdiction to hear cases where the same are for the recovery of money, or for the recovery of personal property where the amount does not exceed one thousand dollars.

The word "sum," of itself, imports a sum of money. (Anderson's Law Dictionary; A. & E. Enc. of Law, Vol. 24, p. 497.)    This is, in fact, its general meaning when the term is used with reference to values. (See Webster's Dictionary.)    And this is the only sense in which it is used in this section.

Now, by § 9 of the Organic Act, congress vested the chancery jurisdiction, excepting to the very limited extent we have above noted, in the supreme and district courts in this Territory, in the following language:

"And said supreme and district courts, respectively, shall possess chancery as well as common law jurisdiction."

And by the Organic Act, certain provisions of the constitution, and the laws of Nebraska, vesting civil jurisdiction upon the probate courts, or, in other words, county courts, (both terms referring to the same courts; see *Allison v. Berger, supra,*) were placed in force in this Territory.

By this legislation all the chancery jurisdiction of the Territory was vested in the supreme and district courts, except as was bestowed by the same legislation upon the probate courts; and this exception was contained entirely in § 2, ch. 20, p. 391, of the laws of Nebraska of 1889, and in §§ 15 and 16, art. 6, of the constitution of the state of Nebraska, and in that part of § 11 of the Organic Act which gives to county courts, under the laws of Nebraska, and so long as the Nebraska statutes were in force in this Territory, which was by the same section, until the adjournment of the first session of the Territorial assembly, "jurisdiction in all cases where the sum or matter in demand exceeds the sum of one hundred dollars."

It will be observed, on examination, that all the legis-

lation of the Organc Act and the Nebraska constitution and statutes giving jurisdiction to the probate courts in civil matters, referred to civil cases involving a sum of dollars, or a sum or matter in demand, or a debt claimed, and the Nebraska constitution and statute limited the amount to one thousand dollars.

None of this legislation, then, extended the civil jurisdiction of the probate courts beyond suits for the recovery of money; and this was the only exception to the vesting of the entire chancery jurisdiction of the Territory in the supreme and district courts of the Territory.

A comparison of § 1, art. 15, referred to, with § 2, ch. 20, of the Nebraska statute, shows that the one was taken or copied from the other, a slight modification being made in the Oklahoma statute. The language with reference to the question now before us is, omitting typographical errors in printing the Oklahoma laws, identical, the concurrent jurisdiction with the district courts in both cases being granted "in all civil cases in any sum not exceeding one thousand dollars exclusive of costs and in actions of replevin where the appraised value of the property does not exceed that sum." And this language is the entire and only foundation on which the concurrent jurisdiction of the probate courts with the district courts in this Territory exists.

Also, it will be observed that under the Nebraska statute there was no power, at least legislative power, granted to the probate courts to issue injunctions, mandates or prohibitions. The legislature, then, in enacting § 6 of this art. 15, evidently sought to supply this omission of the Nebraska statute; and § 6 was not passed to grant any jurisdiction in cases not provided for or contemplated in § 1, but it was only passed to give them power to issue these writs in cases of which, in other

respects, they were, by § 1, granted the jurisdiction. The grant of power to issue injunctions, by § 6, was an auxiliary, and not an independent or primary power. It was a grant of power to issue injunctions in cases pending, or to be brought, in the probate court, where the injunction was necessary to the exercise of the jurisdiction already granted by another section of the same article.

The evident purpose of the legislature was not to grant to the probate courts jurisdiction of actions of injunction, but to grant to such courts, and the judges thereof, power to allow injunctions in suits to recover money, and in actions to recover personal property, where the amount thereof did not exceed one thousand dollars, when the emergency therefor should arise; and this action being purely an injunctional proceeding, the probate court was without jurisdiction.

The judgment of the probate court is therefore correct, and should be affirmed, which is accordingly done.

All the Justices concurring.