State Capital Printing Co. v. Board of Comrs. Grant Co.

STATE CAPITAL PRINTING CO. v. BOARD OF COMMISSIONERS
OF GRANT COUNTY.

(Filed Feb. 11, 1899.)

PROBATE COURTS—*Jurisdiction.* Probate courts are not vested with, and cannot exercise, general chancery jurisdiction, but are invested with only such limited equity jurisdiction as is conferred upon them by article 15, ch. 18, Statutes 1893. Under this limited jurisdiction they have no power to entertain actions to vacate and annul judgments.

(Syllabus by the Court.)

*Error from the Probate Court of Grant County; before H. H. Rogers, Probate Judge.*

*Asp, Shartel & Cottingham,* for plaintiff in error.

*Samuel Weston,* for defendant in error.

Action by the board of commissioners of Grant county against the State Capital Printing company to vacate a judgment. Decree for plaintiff. Defendant brings error. Reversed and dismissed.

Opinion of the court by

TARSNEY, J.: This is an action begun in the probate court of Grant county to vacate and annul a judgment rendered in that court in another action, on the ground that said judgment is absolutely void, for the reason that the court rendering the same was without jurisdiction. This judgment must be reversed, and the cause dismissed for the reason that it appears upon the face of the record that the court below had no jurisdiction of the subject-matter of the action. The relief sought being purely equitable, not being sought by motion or other proceeding in the cause wherein the judgment was rendered, but

by an independent action, cognizable only in a court possessing general chancery jurisdiction, and as in this Territory a probate court cannot have or exercise general chancery jurisdiction, but only such as they are authorized by article .15, ch. 18, Statutes of Oklahoma 1893, to exercise, and this case not coming within any of the provisions of that article, it follows that the proceedings herein in the court below were a mere nullity. (*Rogers v. Bonnett,* 2 Okla. 553, 37 Pac. 1078; *Wetz v. Elliott,* 4 Okla. 618, 51 Pac. 657; *Central Loan & Trust Co. v. Campbell Commission Co.,* 5 Okla. 396, 49 Pac. 48; *Ferris v. Higley,* 20 Wall. 375; *Clayton v. Utah Territory,* 132 U. S. 632, 10 Sup. Ct. 190.) It is unncessary that we should discuss the principal proposition presented and relied upon by counsel for plaintiff in error in their brief, viz. that the court erred in overruling the objection to the introduction of any evidence under the plaintiff's petition, the same not stating facts sufficient to constitute a cause of action, of the many other errors assigned and discussed in said brief. The only allegation in the petition, upon which the annulment of the judgment was asked was, "that said judgment is void because at the time said judgment was rendered the said court had no jurisdiction of the defendant or of the subject-matter of the action." This is not an allegation of any fact, much less an allegation of facts sufficient to constitute a cause of action. It is a mere allegation of conclusions of law. The other errors assigned and discussed were fully considered, discussed, and determined by this court in *Hockaday v. Jones,* this volume, p. 156. The judgment is reversed, and the cause dismissed.

All of the Justices concurring.