## John C. Frantz v. Margaret Saylor.

(Filed October 4, 1902.)

UNLAWFUL FORCIBLE ENTRY AND DETAINER—Where a party enters upon lands, in the possession of another, under and by virtue of a mandatory injunction issued from the district court, without force or violence, and afterwards the injunction is by the court held to have been erroneously allowed and issued, and is by the court dissolved, and the land is by the land department finally awarded to such party, and is by him detained after notice and demand, Held: not an unlawful forcible entry and detainer, within the meaning of section 4805, Statutes 1893.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*J. F. King,* for plaintiff in error.

*S. H. Harris* for defendant in error.

This is an action of unlawful forcible entry and detainer, commenced before a justice of the peace in Kay county by the defendant in error, to recover the possession of about 107 acres of farming land in that county; judgment for defendant; plaintiff in error herein appealed the case to the district court of Kay county, where a trial was had before the court without a jury; the court found the defendant guilty and rendered

its decision and judgment for the plaintiff for the restitution of the land, to which judgment of the district court the plaintiff in error excepted, and brings the case here upon petition in error for review. Reversed.

Opinion of the court by

BEAUCHAMP, J.: Plaintiff in error, John C. Frantz, and defendant in error, Margaret Saylor, were contestants under the homestead laws of the United States for the southwest quarter of section nine (9), township twenty-six (26), range one (1) east I. M., in Kay county. The contest was litigated through the land department, and the land finally awarded to Frantz. After the award, the defendant in error, being in possession of about 107 acres of the land, Frantz brought suit in the district court of Kay county for a mandatory injunction, and by a temporary injunction in that action she was enjoined from occupying the land in controversy, and the plaintiff in error, immediately after the service of the injunction, entered upon and took possession of the land. Subsequently, upon consideration, the district court, upon demurrer by the defendant, dissolved the injunction, and dismissed the action at the cost of plaintiff, which judgment is final and in full force and effect, and was rendered and entered by the court on the fifth day of May, 1900. On the sixth day of June, 1900, defendant in error served notice upon the plaintiff to quit and surrender the possession of the land, which he declined, refused and refuses.

Defendant in error brought this action in the justice court to recover possession; a trial was had in the justice court; verdict and judgment for Frantz. Saylor appealed to

the district court, whereupon trial, finding and judgment were for Saylor. Frantz brings case here upon petition in error for review.

There are several assignments of error in the petition in error filed herein. The plaintiff in error, in his brief filed herein, seems to have abandoned all except that the court erred in rendering its decision and judgment for defendant in error under the testimony in the case, and that the judgment should have been for plaintiff in error, and against the defendant.

Section 167 of the justice code, Statutes of 1893, provides:

"Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same   *   *   *   *."

The district court held that the fact that Saylor, then being in possession, was enjoined from occupying the land at the suit of Frantz, and that the injunction being subsequently held to have been erroneously issued, that the entry by Frantz after the service of the injunction, was a forcible entry, and the detention unlawful, within the statute quoted. A forcible entry is a violent taking by one of lands and tenements occupied by and in possession of another, by means of threats and force, and without authority of law. One who enters upon and obtains possession of real estate under an order and judgment, the process of the court, cannot be said to have made an unlawful and forcible entry thereon as contemplated by the statute.

The plaintiff in an action of forcible entry and detainer must show that he was in possession of the land when defendant entered thereon. In this case Saylor, after the injunction, had abandoned the land, and was not in the possession. Frantz entered thereon peaceably, and without the use of force or violence, and took possession. It seems to be conceded that this action could not be maintained if Frantz had been put in possession under a lawful order of the court. The defendant claims in his brief that the order of injunction was without jurisdiction, therefore null and void. It is true that the order and judgment of the district court dissolving the injunction so recites; but we cannot agree with counsel that the injunction was void, and that notwithstanding the fact of the recitals in the judgment dissolving the same. The order of injunction was not void but erroneous, and the entry of Frantz thereunder was not forcible.

It is settled by the former decisions of this court that Frantz having been awarded the land by the land department has a right to the possession. Therefore, the detention thereof is not unlawful.

The defendant in error seems to rely, and directs particular attention to the case of *Oklahoma City v. Hill,* 4 Okla. 621, and contends that the same is decisive of this case. It was found in that case that there was a conspiracy between the officers of the city and the sheriff to obtain possession of the property in question, and that while the Hills were found guilty of the charge preferred against them, that the proceedings were instituted for the purpose of ousting the Hills from the possession, and to permit the city, by its officers, to enter thereon. Such is not the case here. Frantz brought this ac-

·tion in the district court, such as was then recognized by the ·courts of this territory; the mandatory injunction was allowed .and issued; the defendant in error abandoned the possession; ·the .plaintiff in error entered thereon peaceably, and the land having been awarded to him by the land department and he being entitled to the possession, the detention thereof was not unlawful.

The judgment of the district court will therefore be reversed, with instructions to proceed in accordance with this ·opinion, with costs to the defendant in error.

Hainer, J., who presided in the court below, not sitting; .Irwin, J., absent; all the other Justices concurring.