W. H. STARKWEATHER v. MILLIA KEMP.

(Filed February 13, 1907.)

1. PROBATE COURT—Jurisdiction—Mandamus. Article 15 of chapter 22 of Wilson's statutes, being an act ratified by congress, extending the jurisdiction of probate courts, does not vest jurisdiction in said courts to hear and determine original proceedings in mandamus, and issue writs therein.

2. SAME—Same. By the organic act jurisdiction to grant writs of mandamus and habeas corpus in all cases authorized by law is vested in the supreme and district courts of the territory, and the probate courts are not authorized to issue such writs.

(Syllabus by the Court.)

*Error from the Probate Court of Caddo County; before G. P. Phelps, Trial Judge.*

*Morris & McFadyen,* for plaintiff in error.

No appearance for defendant in error.

## STATEMENT OF FACTS.

This was a proceeding in mandamus by Millia Kemp against W. H. Starkweather, a justice of the peace.

From a judgment overruling a demurrer to the writ, defendant appeals.

Opinion of the court by

GARBER, J.: On the 8th day of January, 1906, Alexander W. McMillan brought an action in the justice court before W. H. Starkweather, a justice of the peace in and for Anadarko, Caddo county, Oklahoma Territory, against Charles Kemp. Garnishee summons was served on the Citizens National Bank of Anadarko and on the 23rd day of January, 1906, the bank filed its answer showing a deposit of sixty-six dollars ($66.00) to the credit of the defendant. On the same day Millia Kemp, wife of the defendant, by permission intervened, alleging in her petition the individual ownership of the sixty-six dollars ($66.00) credited by the bank to Charles Kemp. On January 29th, the court rendered judgment against Millia Kemp, and for costs. From that judgment she gave notice of appeal to the probate court of Caddo county, and presented a good and sufficient appeal bond. The justice refusing to allow her appeal, she filed her petition in the probate court for a writ of mandamus to compel the plaintiff in error to certify said cause to the probate court. To the petition for a peremptory writ the defendant below filed a motion to quash, which is equivalent to a demurrer, which motion was overruled; and from the judgment overruling said motion, and granting the peremptory writ, he appeals to this court.

Only one question is presented by this appeal for determination by this court, viz: Have the probate courts of this territory jurisdiction to hear and determine original proceedings in mandamus?

The provision of the organic act of this territory vesting its judicial power is as follows:

"That the judicial power of said territory shall be vested in the supreme court, district courts, probate courts and justices of the peace. Said supreme and district courts respectively shall possess chancery as well as common law jurisdiction, and authority for redress of all wrongs committed against the constitution, or the laws of the United, States or of the territory, affecting persons or property. The said supreme and districts courts of said territory, and the respective judges thereof, shall and may grant writs of mandamus and habeas corpus in all cases authorized by law."

While the act does not expressly define the powers vested in the probate courts, by it, chancery and common law jurisdiction and the granting of writs of mandamus and habeas corpus in all cases authorized by law are expressly declared to be possessed by and vested in the supreme and district courts of the territory. *Rogers v. Bonnett,* 2 Okla. 553, 32 Pac. 1078; *Wetz v. Elliott,* 4 Okla. 618, 51 Pac. 657; *Central Loan & Trust Co. v. Campbell Comm. Co.,* 5 Okla. 396, 49 Pac. 48; *Garrett v. London & Lancashire Fire Ins. Co.,* 15 Okla. 222, 81 Pac. 421; *Ferris v. Higley,* 20 Wall. 375; *Clayton v. Utah Terr.,* 132 U. S. 632.

While the act extending jurisdiction of probate court, article 15, chapter 22, Wilson's Statutes, provides:

"Section 1882: In all cases pending or to be brought in the probate court the probate judge shall have power and

jurisdiction to allow injunctions, mandates, writs of pro-
hibition and to make all other and further orders as may be
necessary in cases pending in said court *  *  *", yet, that
is not a grant of jurisdiction to hear an original proceeding
in mandamus, and to issue, as in this case, a peremptory writ.
There is a distinction between the mandate provided for in
the above section, and the original proceeding in mandamus
provided for in the organic act, and by our legislature  in
article 33, chapter 66, Wilson's Statutes, section 4884 of
which reads as follows:

"The writ of mandamus may be issued by the supreme
court or the district court, or any justice or judge thereof
during term, or at chambers, to any inferior tribunal, corpora-
tion, board or person, to compel the performance of any act
which the law specially enjoins as a duty, resulting from
an office, trust or station; but though it may require an in-
ferior tribunal to exercise its judgment or proceed to the
discharge of any of its functions, it can not control judicial
discretion."

In the absence  of express authority either in the organic
act or in the act approved by congress extending jurisdiction,
the probate courts of this territory are not authorized to hear
and determine original proceedings in mandamus.    The is-
suance of the writ in this case was without authority and void,
and the judgment in the court below will therefore be reversed
at the costs of the defendant in error.

All the Justices concurring.