## MAGNOLIA PETROLEUM CO. v. WHITE et al.

No. 22700. Opinion Filed Sept. 13, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Reid, Lewis & Reid, for respondent J. R. White.

CULLISON, J. This is an original proceeding before the Supreme Court seeking to review an award made by the State Industrial Commission on July 11, 1931, in favor of J. R. White, claimant.

Petitioner presents two assignments of error in its brief, but in its reply brief abandons the first assignment of error so that there is but one question before this court, to wit: "The State Industrial Commission should have found that all of the compensation paid respondent should apply upon the permanent partial disability."

The record discloses that claimant received a serious head injury while in the employ of petitioner; that he was disabled for some period of time, and then returned to work and worked for petitioner for several months, and was later compelled to cease work because of the old injury.

Claimant was paid compensation from the time of his injury up until the time he began working for petitioner, and during the time that claimant worked for petitioner, after the injury, he earned $3,003 and then was compelled to quit work because of a recurrence of the injury.

In the order and award of the Commission made on July 11, 1931, which is the order under consideration herein, the Commission found that the claimant's earning capacity had been decreased 75 per cent. and ordered compensation at the rate of $18 per week during the continuation of such disability, not to exceed 300 weeks.

We further observe that, on November 19, 1930, said cause was heard by the State Industrial Commission and order made therein finding that claimant was temporarily disabled, and ordered compensation paid at the rate of $18 per week for temporary total disability.

The award of the Commission made on November 19, 1930, was never appealed or contested in any way and became final, and all compensation paid claimant from the date of said order to the date of the last order in said cause on July 11, 1931, was paid under said award of the Commission, and was paid for temporary total disability.

Petitioner now contends that certain compensation paid claimant prior to the date of the award under consideration, rendered on July 11, 1931, should be applied on permanent partial disability of claimant. Under the condition of the record in the case at bar, we do not believe this contention well founded.

If the petitioner was not satisfied with the first award rendered in said cause ordering the claimant paid at the rate of $18 for temporary total disability, it should have contested said award and not permitted the same to become final, but since it did not contest said award, but permitted it to become final, all payments of compensation made under said award, and until a new award was made in said cause, would be payments of compensation as temporary total disability.

There would be no authority for this court to now say that compensation paid under a former final award should be considered as payment in settlement of permanent partial disability, which said permanent partial disability was not determined by the Commission until July 11, 1931.

After the award was rendered by the Commission on July 11, 1931, all payments thereafter would be made in accordance with said award, but we see no good reason and do not consider that the law would permit us to order that compensation paid under the former binding award be applied on permanent partial disability as found by the Commission in the last award.

The petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 257, 28 R. C. L. 820.