LOFFLAND BROTHERS COMPANY OF VENEZUELA and Commercial Insurance Company (American International Underwriters Corporation), Petitioners,

v.

Odie HAMMAN and the State Industrial Court, Respondents.

No. 41710.

Supreme Court of Oklahoma.

Nov. 15, 1966.

Rhodes, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, for petitioners.

Paul Pugh and Al Pugh, Oklahoma City, Charles Nesbitt, Atty. Gen., for respondents.

BERRY, Justice.

The respondent in this appeal was the claimant below and the petitioner was the respondent below. The parties will be referred to as their respective appearances have been made before this Court.

The respondent filed herein his motion to dismiss the appeal, urging that appellate proceedings were not begun by the petitioners within the time allowed therefor by 85 O.S.Supp.1963, § 29.

■■■■ Appeals seeking review of final awards or decisions of the State Industrial Court may be commenced in this Court within twenty days from the date the final award or decision sought to be reviewed is sent to the parties affected. 85 O.S.Supp. 1963 § 29. The award in the instant case bears the date January 13, 1965, and was entered in the records of the State Industrial Court September 23, 1965, and presumably was sent to the parties affected on that day. Surely the award would not have been sent prior to the day of the entry thereof into the court's records as an adjudication. The petitioner filed his petition for review in this Court October 13, 1965. Thus respondent's motion to dismiss is ill-conceived, and is denied. Sears, Roebuck and Company v. Heller, Okl., 401 P.2d 184.

The sole question remaining for consideration is the contention of petitioner that credit should be allowed for compensation paid under a foreign award for temporary total disability, against the award of compensation by the State Industrial Court for permanent partial disability.

The State Industrial Court has determined in its adjudication the facts that the respondent was paid by the petitioner, or the insurance carrier, an award of compensation for a period of temporary total disability of nine weeks under the industrial accident laws of the Republic of Venezuela, which award for temporary total disability entitled respondent to One Thousand Nine Hundred Twenty-three Dollars and thirty-seven cents. The respondent thereupon filed claim for compensation in the State Industrial Court of this State, and the cause was tried on the issue of permanent partial disability. The trial judge entered an order awarding respondent nine weeks of temporary total disability, and further awarding to respondent fifty weeks of compensation based upon an adjudication of ten per cent permanent partial disability to the body as a whole. The trial judge also found the amount paid by the petitioner pursuant to the Workmen's Compensation Laws of Venezuela for temporary total disability exceeded the total liability of the petitioner for temporary total and permanent partial disability under the applicable mathematical formula of the Oklahoma Compensation Law; and that petitioner was entitled to credit the amount theretofore paid to respondent as compensation for temporary total disability, toward the award of the State Industrial Court for all compensation awarded and determined an overpayment to the respondent of Two Hundred Seventy-One Dollars and fifty seven cents.

On appeal to the State Industrial Court en banc the order of the trial judge was modified to allow petitioner credit for the number of weeks of temporary total disability compensation; that respondent did suffer nine weeks of temporary total disability for which he had been fully compensated. The court further found respondent had sustained ten per cent permanent partial disability to the body as a whole, for which he was entitled to fifty weeks of compensation at the rate prevailing under Oklahoma Workmen's Compensation Law on the date of injury. The award in weeks was converted to a sum certain by the applicable mathematical factors, and the court adjudicated that the award had theretofore accrued and was payable forthwith as a lump sum.

Petitioners seek review of the decision and award of the State Industrial Court en banc, contending they should be allowed the credit which the trial judge had allowed

but which the State Industrial Court en banc on appeal had denied.

■ The petitioner on the record does not assert that respondent was overpaid under the rates established by the laws of the Republic of Venezuela, but on the contrary stipulates that the respondent was entitled to the One Thousand Nine Hundred Twenty-three and Thirty-seven hundredths Dollars paid to him. Petitioner does contend that the part of such amount paid in excess of the amount which would have accrued as temporary total disability for an equivalent number of weeks under the applicable scheduled rate under the Workmen's Compensation Law of Oklahoma, is properly creditable against any award for compensation made by the State Industrial Court for permanent partial disability. The temporary total disability compensation paid to claimant was paid, according to the uncontroverted evidence adduced, pursuant to the provisions of Workmen's Compensation Laws of the Republic of Venezuela, and no issue on this point is raised in the record. Claimant could elect to pursue his remedy before the State Industrial Court at any time prior to final adjudication of a claim for the same disability by the forum of jurisdiction of a foreign state. Williams Bros. Company v. Wiley, Okl., 337 P.2d 1078; 85 O.S.1961 § 4. The cited statute further provides that no award made by the State Industrial Court shall include any compensation paid by the employer or in his behalf before commencement of the action in this State, and any payments so made shall be treated as compensation voluntarily paid, and credit therefor shall be allowed.

■ Petitioner in his brief is careful to point out the effective date of 85 O.S.1961 § 41.1, as being subsequent to the date of injury constituting the gravamen of this action. The cited statute is inapplicable for the reason that it relates to salary or other remuneration paid in lieu of temporary total compensation. The payment to claimant in the instant case clearly was compensation for temporary disability and

not in lieu of compensation for temporary total disability, and no contention to the contrary appears in the record either by the petitioner or the respondent.

■ The State Industrial Court may make an award for temporary total disability for a specific injury, and the number of weeks of compensation so awarded may not be deducted from a subsequent award for permanent partial disability. Orth, Kleinfeker and Wallace v. Scott, 173 Okl. 448, 49 P.2d 112; Magnolia Petroleum Co. v. White, 159 Okl. 73, 14 P.2d 411. However, the total award cannot, a priori, exceed five hundred weeks. There is no authority for the proposition that a foreign award for temporary total compensation should be, or can be, accorded greater deference or dignity, or given a different application than that accorded an adjudication and award for temporary total compensation by the State Industrial Court of Oklahoma.

Petitioners rely on the case of Don Clawson Drilling Co. v. Finch, Okl., 277 P.2d 127. There, in addition to temporary total disability compensation, the employers paid the claimant unearned wages in the sum of $4,142.41 and credit was by this Court allowed for the unearned wages paid against an award for permanent partial disability. In Clawson, supra, no credit was claimed for temporary total compensation paid, nor was any such credit allowed, not being within the issues. To the same effect is the decision in Galey & Molloy v. Belt, 187 Okl. 318, 102 P.2d 868, which is distinguishable from the instant case on the same basis. Both Galey & Molloy, supra, and Clawson, supra, were decisions antedating the effective date of 85 O.S.Supp.1957 § 41.1.

■ The credit claimed by the petitioners must be denied and such denial does not run counter to the United States Supreme Court decision in Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140, nor to Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413. These cases are concerned with

awards for permanent disability resulting from a single injury to a claimant, by tribunals of different states of the United States, and the effect of the Full Faith and Credit provisions of the Federal Constitution upon such awards.

The State Industrial Court en banc, by its order on appeal, allowed full credit to petitioners for nine weeks of compensation for temporary total disability. The award of fifty weeks compensation for permanent partial disability based upon ten per cent disability to the body as a whole, without credit thereon or deduction therefrom of any weeks of compensation paid for temporary total disability, was proper. Schneider, Workmen's Compensation Vol. 11 § 2319(e). See also Larson's Workmen's Comp. Law, Vol. 2, § 57.47.

Award sustained.