HUMPTY DUMPTY and the Travelers Insurance Company, Petitioners,

v.

Elvie Rachel MOOREHEAD, and the State Industrial Court, Respondents.

No. 50723.

Supreme Court of Oklahoma.

Sept. 27, 1977.

Ralph R. Smith, Oklahoma City, for petitioners.

George J. McCaffrey, Oklahoma City, for respondents.

DAVISON, Justice:

The issue for review concerns correctness of an award for total permanent disability determined by deduction of prior payments for temporary total disability.

In June, 1968, claimant sustained a compensable injury. Petitioner, hereinafter referred to as respondent, intermittently paid temporary total compensation until October 15, 1974, a total of 298 weeks. The applicable compensation rate during that period was $45.00 per week for temporary total disability, and $40.00 per week for permanent total disability, 85 O.S.Supp.1974 § 22.

Between the original injury and May, 1974, claimant underwent five surgical procedures for back injury. After December, 1975, she was advised no further surgery was indicated or improvement anticipated, although need for medical treatment would continue. The case then was docketed for determination of permanent total disability on November 16, 1976.

A trial judge found claimant had sustained 100% permanent disability to body as a whole, and was entitled to compensation for 500 weeks, less 298 weeks temporary total disability compensation already paid. An award was entered for 202 weeks compensation at $40.00 per week. This total amount ($8,080.00) was commuted for lump sum payment, and continuing medical treatment was ordered.

Respondent appealed to State Industrial Court en banc, contending the award was excessive. This appeal was denied and the trial judge's order affirmed.

As grounds for review, respondent contends the order is excessive in respect to the amount ordered paid after deducting the compensation paid for temporary total disability. Stated otherwise, respondent insists the weeks allowed for temporary total compensation should be transposed into dollars, i. e., 298 weeks times $45.00, and this total deducted from maximum compensation allowable for permanent total disability, or 500 weeks at $40.00 per week. Respondent argues the maximum compensation is 500 weeks, and the 1968 amendment of § 22(5), which prescribed weekly rates payable for permanent total disability, evidenced legislative intention to limit maximum compensation payable to $20,000.00.

In the final analysis, respondent simply claims that maximum compensation for permanent disability under § 22(5), supra, was intended to apply to all claimants equally and in no event exceed the specified dollar limit. We consider it unnecessary to discuss and distinguish numerous decisions cited as related to and supportive of this argument.

This issue has not been presented directly heretofore. Except for expression of § 22(3), relating to award of compensation for disfigurement, no provision of our Act 85 O.S.1971 § 1, et seq., fixes a monetary basis for award of compensation for disability sustained from accidental injury during covered employment. Prior decisions afford some authority for concluding respondent's argument is invalid, particularly since § 22, supra, provides for compensation of 500 weeks and does not mention a $20,000.00 limitation.

In *Special Indemnity Fund v. Long*, Okl., 281 P.2d 933, a claimant, physically impaired from blindness in one eye, was adjudicated permanently totally disabled due to loss of vision in his remaining eye from accidental injury. Award of compensation for 500 weeks, less 30 weeks chargeable to last employer was allowed. Both temporary total compensation and compensation for permanent disability were at the same ($28.00) weekly rate. Awards against employer and the Fund totaled five weeks ($140.00) more than maximum allowable. This Court corrected the award by disallowance of monetary amount representing five weeks temporary total compensation.

In *Special Indemnity Fund v. Corter*, Okl., 389 P.2d 478, a 500 week permanent total disability award was entered for statutory rate of $30.00 weekly. Deducted from the total award was 300 weeks for previous impairment, and 80 weeks paid by the last employer. The trial court failed, however, to credit 31½ weeks temporary total compensation paid by the last employer at $35.00 per week. Finding error in State Industrial Court's failure to deduct this 31½ weeks temporary total compensation, the Supreme Court corrected the award by deducting the 31½ weeks, and reduced the award for permanent total disability to 88½ weeks at $30.00 per week. The award was reduced by the number of weeks, and not by the amount of temporary total paid at $35.00 weekly during this period.

In *Loffland Brothers Co. of Venezuela v. Hamman*, Okl., 421 P.2d 647, an employee injured in Venezuela was paid nine weeks temporary total compensation at a higher rate than provided under our Act. The employee later filed claim for compensation in Oklahoma. The employer contended the amount paid in excess of that which would have accrued under our Act as temporary total compensation should be credited against an award (10%) for permanent partial disability. In that case, we held an award could be made for temporary total

disability for specific injury, and the number of weeks of compensation awarded could not be deducted from subsequent injury for permanent total disability. Syllabus 2 stated:

"Where an injury is sustained within the purview of the Workmen's Compensation Law temporary total disability compensation paid before commencement of the action in this State shall be treated as having been voluntarily paid and under 85 O.S.1961 § 4, *credit shall be allowed therefor in weeks of temporary total disability.*" [Emphasis added]

██ The calculation of credit for temporary total disability payments made, under the above quoted case law, is to be made on the basis of the number of *weeks* payments were made, and not on the basis of the amount of money paid out. The following example demonstrates how such calculations, based on *weeks*, are to be made. Assume, under the provisions of the 1968 Act, a workman sustained loss of an arm, and complications caused payments of temporary total disability compensation for 250 weeks (payments being $45.00 weekly). This would result in a total payment of $11,250.00. Further assume that upon full adjudication, total permanent disability was awarded for a maximum of 500 weeks. The credit allowed the employer or insurer would then be determined by subtracting the number of weeks temporary total compensation had been paid (250), from the number of weeks total permanent disability was to be paid (500). Thus, after deducting the credit, the workman would be entitled to receive total permanent disability payment for 250 weeks, and not the full 500 weeks set forth in the order.

██ Respondent's contention is that the credit an employer or insurer is entitled to is ascertained by deducting the total amount of temporary compensation paid from the total amount of permanent compensation awarded, thus basing the calculation of credit upon money paid out, and not number of weeks temporary total compensation was paid. The law does not support respondent's contention, for respondent's contention is based upon the erroneous assumption that under the law, a claimant is never entitled to more than the dollar amount which he or she would have received under the court's order awarding total permanent disability. Such however is not the case, as such an assumption ignores the clear legislative intent to provide greater compensation on a temporary basis than on permanent basis. Accordingly, we reject respondent's contention and sustain the award issued by the State Industrial Court.

AWARD SUSTAINED.

All of the Justices concur.