**Winifred Luanne ALONZO, Petitioner,**

v.

**HOMELAND STORES, INC., Respondent.**

**No. 81440.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 7, 1993.

Gloria E. Trout, Lampkin, McCaffrey & Tawwater, Oklahoma City, for petitioner.

W. Jeffrey Dasovich, Oklahoma City, for respondent.

**MEMORANDUM OPINION**

ADAMS, Judge:

In this review proceeding, Winifred Luanne Alonzo argues the Workers' Compensation Court erred in calculating a temporary total disability overpayment credit based on a dollar amount rather than the number of weeks awarded, citing *Humpty Dumpty v. Moorehead,* 569 P.2d 998 (Okla. 1977) and *Chamberlain v. American Airlines,* 740 P.2d 717 (Okla.1987).

In *Chamberlain,* the Oklahoma Supreme Court examined the credit of mandatory payments under 85 O.S.Supp.1974 § 22 against permanent total disability benefits in light of the prohibition on certain types of credits under 85 O.S.1981 § 41.1. Section 41.1 is not at issue in this case.

In *Moorehead,* the Oklahoma Supreme Court addressed the 500 week limit on total disability benefits formerly found in 85 O.S.Supp.1974 § 22(1), and found that under this cap the weeks of *temporary* total disability paid had to be counted when calculating the number of weeks of *permanent* total disability benefits payable. In 1977, this ceased to be an issue in workers' compensation cases because the 500 week

cap on total disability benefits in § 22(1) was repealed, and total disability benefits became payable so long as total disability continued. *See* 85 O.S.1991 § 22(1).

The second court syllabus in *Loffland Brothers of Venezuela v. Hamman*, 421 P.2d 647 (Okla.1966), addresses the manner in which temporary total disability benefits may be used to reduce benefits for permanent partial disability. Mr. Hamman had received nine weeks of temporary total disability benefits under Venezuelan law which exceeded the dollar amounts payable under Oklahoma law. When the Oklahoma State Industrial Court determined Mr. Hamman had been totally temporarily disabled for nine weeks and was permanently partially disabled, the court allowed the employer credit under 85 O.S.1961 § 4 for the weeks of temporary total disability benefits paid. The employer claimed it should have received credit for the amounts by which the temporary total payments exceeded the benefit payable in Oklahoma.

The *Hamman* Court affirmed, noting that payments for temporary total disability and permanent partial disability could not exceed the 500 week cap, but otherwise were not limited. In the Court's second syllabus, it held that the credit to which employer was entitled under 85 O.S.1961 § 4 should be allowed "in weeks of temporary total disability." The Court also noted that Mr. Hamman had received only the benefits to which he was entitled under Venezuelan and Oklahoma law.

Both *Moorehead* and *Hamman*, then, involved using temporary total disability benefits to which the claimant was properly entitled to offset total or permanent partial disability benefits so as not to exceed a 500 week maximum on benefits. This trial court was not faced with that problem but had the task of defining an overpayment to which Petitioner was not entitled.

The Legislature has provided, in 85 O.S. 1991 § 41(A) that:

> Awards for permanent partial disability under Section 22 of this title shall be made for the total number of *weeks* of compensation which the Court shall find the claimant will be entitled to receive, less any *sums* previously paid which the Court may find to be a proper credit thereon. (Emphasis added.)

Under § 41(A), benefits are to be awarded in weeks, but credits are to be calculated in "sums." The word "sums" refers to money. *Wetz v. Elliott*, 4 Okl. 618, 51 P. 657, 658 (1896). The plain meaning of this statute is that credits allowed under § 41 against the permanent partial benefits awarded under § 22 are to be calculated in dollar amounts.

On this record, the Workers' Compensation Court properly stated the credit it found reasonable in monetary terms, not weeks of benefits payable. Its order is sustained.

SUSTAINED.

JONES, P.J. and HANSEN, C.J., concur.