WILLIAMS BROTHERS COMPANY and
Continental Casualty Company,
Petitioners,

v.

Rolla E. WILEY and the Oklahoma State
Industrial Commission, Respondents.

No. 38185.

Supreme Court of Oklahoma.

April 7, 1959.

Rucker, Tabor & Cox, Dennis J. Downing, Tulsa, for petitioners.

William A. Harrington, S. J. Clendinning, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

This is an original proceeding brought to review an award by the State Industrial Commission in favor of Rolla E. Wiley, hereinafter referred to as claimant against the Williams Brothers Company, and the Continental Casualty Company, hereinafter referred to as petitioner.

It was stipulated at the hearing that claimant sustained an accidental personal injury arising out of and in the course of his employment with Williams Brothers Company on or about May 7, 1957, in Woodsfield, Ohio.

■ Petitioners' only proposition for vacating the award is that the Oklahoma State Industrial Commission did not have jurisdiction as the contract of employment was entered into and executed in the State of Ohio.

The finding of the Commissioner relative to this issue is as follows:

"* * * that said accidental personal injury was sustained by claimant at or near Woodsfield, Ohio, but comes within the jurisdiction of the State Industrial Commission of the State of Oklahoma for the reason that claimants contract of employment was executed and entered into at respondents office in Tulsa, Oklahoma."

The evidence reveals petitioner, Williams Brothers Company is engaged in the business of constructing pipe lines and pump stations in Oklahoma, in other states and foreign countries. Its principal place of business is in Tulsa, Oklahoma.

Briefly stated, claimant in substance, testified that he has been in the employ of petitioner, Williams Brothers Company seven or eight years, being employed at different times and having worked in Oklahoma, other states, South America and Arabia. That after his last employment in Arabia he contacted Mr. Siebol who hires practically all of the help for Williams Brothers Company out of the Tulsa office to go on these different jobs. That Mr. Siebol asked if he would go to Woodsfield, Ohio, and go to work. That claimant asked what the wage scale was and Mr. Siebol told him and claimant then answered that it was agreeable with him, and that he would go there and work and shortly thereafter reported to Mr. Tilleston who was petitioners' superintendent at Woodsfield, Ohio. Mr. Tilleston asked what had delayed claimant as he had been expecting him for three or four days as Mr. Siebol had told him claimant was coming to Woodsfield. Claimant was then required to take a medical examination and after such examination he was placed on the payroll and started to work.

Claimant further testified that after working for several weeks he sustained the accidental injury but continued to work and did not see the doctor until three or four days afterwards; that he took a short leave of absence and returned to work but could not continue because of the pain, and he was then transferred to Pennsylvania where the work to which he was assigned was much lighter than he had been doing. Although he kept taking treatments he was getting worse and they were going to place him in a hospital in Pennsylvania, so he requested and petitioner agreed that he could return to Tulsa for treatment. That he had not received any compensation since he had returned from Pennsylvania.

An employee of petitioner, who is in charge of the payroll and tabulating department, testified that payments to employees are made at the job site, and the payroll records are sent to the Tulsa office for state and federal reports. That the insurance premiums had been paid in the State of Ohio; that the employment record of claimant had been received in the Tulsa office and that the petitioner had just started this year giving physical examinations to men whom they were employing. That he did not know whether petitioner had paid claimants travel expense from Oklahoma to Ohio.

**1080**

Title 85 O.S.1955 Supp. § 4, relating to injuries occurring outside the State provides:

"From and after passage and effective date of this Act, all the provisions of the Workmen's Compensation Law of this State (Title 85, O.S.1951) and all amendments thereof or thereto shall apply to employers and to employees, *irrespective of where accident resulting in injury may occur,* whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of the State under direction of such employer. In such case the injured employee may elect to commence and maintain his action for benefits and compensation before the State Industrial Commission of the State of Oklahoma, and the said Commission is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this State * * *."

Petitioners contend that there was no completed contract entered into between claimant and his employer, Williams Brothers Company, at Tulsa, Oklahoma; that the contract was not completed until claimant arrived at Woodsfield, Ohio, took and passed his physical examination and was placed on the payroll. In support of this contention they cite, Denison v. Phipps, 87 Okl. 299, 211 P. 83; Consolidated Fuel Co. v. Gunn, 89 Okl. 73, 213 P. 750, and Cochran v. Ellsworth, 126 Cal.App.2d 429, 272 P.2d 904.

These cases involve offers made by individuals to others in different counties or states where it was necessary that the offer be finally accepted or approved. The venue of these actions was determined to be in that county or state where the offer was finally accepted or approved and not where the offer was made and these cases are distinguishable from the case under consideration. In the instant case, the application, the offer of employment and the acceptance or agreement of employment were made in one place, in petitioner's office in Tulsa, Oklahoma.

In General Electric Company v. Folsom, Okl., 332 P.2d 950, 952, an employer in New York mailed to Folsom, at Norman, Oklahoma, an offer of employment together with application blanks which would be considered as an acceptance of the offer when completed and returned. When the acceptance was returned the New York employer advised employee that he would be given a physical examination at the Indiana plant to which he was to report for his first assignment. Sometime thereafter, employee was transferred to New Mexico where he sustained an accidental injury resulting in his death. In holding the contract for employment came into being in Oklahoma with respect to Workmen's Compensation proceedings, we said:

"When Folsom's letter accepting General Electric Company's offer was mailed at Norman, as above shown, the contract of employment was then created and became binding on said company, contingent only upon his being able to meet its physical requirements. In this connection, see Denison v. Phipps, 87 Okl. 299, 211 P. 83, 85. When he thereafter met these requirements, even though he did not take, and pass, the company's physical examination until after his arrival in Indiana, the location of his first job assignment, the effective date of his employment related back to, and was coincident with, his acceptance in Oklahoma of said company's offer. * * *"

In this case the evidence shows that the offer to employ claimant to work at Woodsfield, Ohio, was made by petitioner in Tulsa, Oklahoma, and was accepted there by claimant. The contract of employment was completed upon acceptance of the employer's offer made at Tulsa and therefore entered into in the State of Oklahoma, and the State Industrial Commission ruled correctly

in so finding, and in entering an award in favor of claimant.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.