**LE FLORE COUNTY GAS AND ELECTRIC COMPANY** and **United States Fidelity and Guaranty Company, Petitioners,**

v.

**Anner SICKMANN and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 38521.

Supreme Court of Oklahoma.

Oct. 27, 1959.

Rehearing Denied Dec. 22, 1959.

Application for Leave to File Second Petition for Rehearing Denied Jan. 19, 1960.

Fenton & Fenton, Oklahoma City, for petitioners.

Claud Briggs, Wm. Walter Hentz, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

On the 9th day of November, 1957, Henry Albert Sickmann, an employee of LeFlore County Gas and Electric Company, an Oklahoma corporation, sustained an accidental injury resulting in his death.

On June 7, 1958, claimant, Anner Sickmann, surviving widow of deceased, filed a claim for compensation under the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., against deceased's employer and its insurance carrier, United States Fidelity and Guaranty Company, stating that on the 9th day of November, 1957, deceased sustained an accidental injury resulting in his death. The accident occurred when deceased lost control of his automobile when it collided with another automobile driven by a third party, while deceased was driving the automobile in the performance of the duties of his employment with LeFlore Gas and Electric Company; that the accidental death occurred in the State of Arkansas but that his contract of employment was made in the State of Oklahoma.

Petitioners, LeFlore County Gas and Electric Company and its insurance carrier, filed an answer to claimant's claim consisting of an affirmative plea of res adjudicata and a general denial. The trial judge at the conclusion of the evidence found:

"That Henry Albert Sickmann, or Henry A. Sickmann, one and the same person, sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on November 9, 1957, resulting in his immediate death.

"That although the death of deceased occurred in the State of Arkansas, deceased was a resident of Oklahoma and his contract of employment had been consummated in Oklahoma some thirty years before and deceased had since worked in Oklahoma and Arkansas for the same employer and that the claimant herein has a right to and has elected to take her benefits under the extra-territorial provisions of the Oklahoma Workmen's Compensation Law.

"That this action was commenced by Anner Sickmann, the surviving widow of deceased, who is the sole and only dependent heir at law; and that she, Anner Sickmann or Anner E. Sickmann, one and the same person, has been appointed executrix of the estate of said deceased; and as such is the sole and only person entitled to take the benefits of the Workmen's Compensation Law of Oklahoma.

"That a full and complete review of the entire records of the proceedings under the Workmen's Compensation Law of the State of Arkansas, discloses that claimant did not file a claim before said Arkansas Commission, or do any other voluntary act that would constitute an election to proceed under the Workmen's Compensation Law of Arkansas; but that claimant has signified her election to take under the provisions of the Workmen's Compensation Law of Oklahoma, and she is therefore entitled to receive an order for $13,500.00 under the laws of Oklahoma.

"That the statements to claimant by one of the representatives of the Insurance Carrier in this case were misleading to claimant and therefore she is not bound thereby; nor is claimant precluded from taking under the Workmen's Compensation Law of Oklahoma, and the defense set up by such carrier is denied.

"That said deceased was at the time of his death primarily in the State of Arkansas, in the course of his employment and engaged in the performance

of his duties when he was accidentally killed."

The trial judge upon such finding entered an award in favor of claimant awarding her compensation against petitioners in the sum of $13,500. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here for review and for reversal rely on two propositions. (1) The State Industrial Commission was without jurisdiction to enter the award for the reason the contract of employment was entered into in the State of Arkansas and the accident occurred in said state. (2) The injury sustained by Sickmann, resulting in his death did not arise out of and in the course of his employment with petitioner.

With reference to the first proposition, the only evidence offered consists of the testimony of Raymond F. Orr, President of Athletic Mining and Smelting Co. of Ft. Smith Arkansas, hereinafter referred to as Athletic and who was also vice president of LeFlore County Gas and Electric Co., hereinafter referred to as LeFlore. He testified Athletic was a corporation organized under the laws of the State of Missouri and duly licensed to do business in the State of Arkansas but was not licensed to operate in Oklahoma; that LeFlore was an Oklahoma Corporation but was not licensed to do business in Arkansas. That he at all times mentioned herein, held the position in the companies above set forth.

Orr also testified that about 1928, the field superintendent for LeFlore died and he (Orr) looked after field operations for LeFlore until it could secure another man. That he learned that Sickmann, who was working for Athletic had some previous experience in drilling operations and called Sickmann in and talked to him about his qualifications to take the job; that Sickmann wasn't sure he could handle the job but he persuaded him to go to Poteau on trial basis. Sickmann took a pickup truck furnished by Athletic, went to Poteau and after further conversations, started working as field superintendent for LeFlore. At the end of thirty days, his work having

been satisfactory, his salary was then agreed upon and he was placed on the payroll of LeFlore as a permanent employee and continued in such capacity until his death.

LeFlore contends that this evidence establishes that the contract of employment upon which Sickmann agreed to work for LeFlore in Oklahoma was entered into and consummated in the State of Arkansas and since the injury resulting in Sickmann's death occurred in the State of Arkansas the State Industrial Commission of the State of Oklahoma was without jurisdiction to award deceased's dependent compensation under the death benefit provisions of the Workmen's Compensation Law of the State of Oklahoma.

In support of this contention LeFlore relies largely upon General Electric Co. v. Folsom, Okl., 332 P.2d 950; and Williams Brothers Co. v. Wiley, Okl., 337 P.2d 1078. These cases do not sustain such contention. In each of these cases a definite offer of employment was made by employer to the employee in this state and was there accepted by the employee. Not so in this case. Mr. Orr, vice president of LeFlore made no definite offer of employment to Sickmann to come to Oklahoma and work for LeFlore. The offer was made on a trial basis and upon such offer Sickmann came to Oklahoma and worked for LeFlore on that basis for thirty days. His work proved satisfactory; his salary was then agreed upon and he was placed on the payroll of LeFlore. Sickmann then moved to Poteau, Oklahoma, where he resided until his death.

The general rule is that a contract is deemed to have been made at the place where final assent is given. American Body & Trailer Co. v. Higgins, 195 Okl. 349, 156 P.2d 1005; Consolidated Flour Mills Co. v. File Bros. Wholesale Co., 10 Cir., 110 F.2d 926; General Electric Co. v. Folsom, supra; Williams Brothers Co. v. Wiley, supra.

The conversation had between Mr. Orr, vice president of LeFlore, and Sick-

mann at Fort Smith, Arkansas, constitutes merely the commencement of negotiations which eventually resulted in the consummation of the contract of employment between LeFlore and Sickmann after he arrived in Oklahoma and his work proved satisfactory and was placed on the payroll.

No definite offer of employment was made by LeFlore to Sickmann until his work proved satisfactory after he arrived in Oklahoma. That offer of employment was accepted by Sickmann in Oklahoma. We therefore conclude that the contract of employment between LeFlore and Sickmann was entered into in the State of Oklahoma as found by the Commission.

As to the second proposition, that the injury sustained by Sickmann resulting in his death did not arise out of and in the course of his employment, the evidence discloses that after Sickmann started working for LeFlore in the State of Oklahoma he also kept working for Athletic in the State of Arkansas. At the time he sustained his injury he was in the employ of both companies. After he started working for LeFlore his salary was fixed at $600 per month in accordance with arrangements made between the companies. LeFlore paid Sickmann his salary each month, it would then bill Athletic for one-half of that amount, or $300. Athletic would then remit said sum to LeFlore for services rendered by Sickmann. Sometime thereafter and several months prior to the time Sickmann sustained his injury different arrangements in this respect were made between the companies. Each company paid $300 directly to Sickmann for his services, making a total salary of $600 per month.

Sometime after Sickmann started working for LeFlore, Athletic, in addition to operating its smelting company in the State of Arkansas, concluded to engage in the drilling of gas wells. It owned no drilling equipment. It thereafter entered into a lease contract with LeFlore whereby LeFlore agreed to lease Athletic drilling equipment at a monthly rate of $3,000 which covered depreciation and repairs and supervision by Sickmann over the equipment. It

was necessary that Sickmann do considerable traveling in working for both companies. It was then agreed that Athletic should furnish Sickmann a car for use in traveling for both companies and that LeFlore should pay the expenses of the operation of the car, including Sickmann's traveling expenses. The car was radio equipped and Sickmann was constantly in touch with both companies. He would frequently go to Athletic's wells in Arkansas and LeFlore's wells in Oklahoma on the same day if required. So far as field duties were concerned he was his own boss. He was subject to call twenty-four hours a day. On the date of the accident which resulted in his death Sickmann had taken a wrist pin or crank pin from a drilling location of LeFlore in Haskell County, Oklahoma, to a foundry at Fort Smith, Arkansas for repair. While waiting for repairs Sickmann drove to the drilling site of Athletic about forty miles northeast of Fort Smith. His apparent purpose for going to the drilling site was to inspect the drilling operation for and on behalf of Athletic and to inspect the drilling equipment for and on behalf of LeFlore. After completing his work at the drilling site he proceeded to return to Fort Smith to pick up the wrist pin and while on his way to Fort Smith he lost control of his car, collided with a car driven by a third party resulting in his immediate death.

 We think the above evidence is sufficient to sustain the finding of the Commission that the injury sustained by Sickmann resulting in his death arose out of and in the course of his employment with LeFlore.

 In its answer, LeFlore and its Insurance carrier alleged that the order and award in claim No. A34142 before the Arkansas Workmen's Compensation Commission awarding benefits to Anner Sickmann are res adjudicata of the issues sought to be raised in this action. While the Industrial Commission held against LeFlore on this question, the same is not alleged as error in this court and therefore not considered.

We conclude that the evidence is sufficient to sustain the findings of the Commission. An order based thereon awarding compensation will not therefore be disturbed on review.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, and BERRY, JJ., concur.