SCOTTY'S FLYING & DUSTING SERVICE, INC., and State Insurance Fund, Petitioners,

v.

Bernice O. NEESER and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40490.

Supreme Court of Oklahoma.

May 27, 1964.

Rehearing Denied July 7, 1964.

Mont R. Powell, Moraul Bosonetto,. Oklahoma City, for petitioner.

Ryan Kerr, Altus, Oklahoma, Charles. Nesbitt, Atty. Gen., for respondents.

HALLEY, Vice Chief Justice.

Bernice O. Neeser, executrix of the estate of Joseph Sylvan Neeser, deceased,. filed claim with the State Industrial Court against Scotty's Flying & Dusting Service, Inc., and its insurance carrier, State Insurance Fund, under the Workmen's Compensation Law, 85 O.S.1961 § 1 et seq., to recover compensation for the death of said Joseph Sylvan Neeser, who met his death by reason of an airplane crash sustained in the course and scope of his employment: for the first named respondent, near Pampa., Texas.

The respondent insurer filed answer denying liability, alleging as grounds that the accident and resulting death occurred outside the State of Oklahoma, the contract of employment was made in the State of Washington, and the Industrial Court of Oklahoma was without jurisdiction.

The respondent, Scotty's Flying & Dusting Service, Inc., filed an Employer's First Notice of injury wherein it acknowledged. date and place of accident, wage rate of decedent, that he was an employee engaged in the scope of his employment at time of accident, and further stated the employment agreement was made in Oklahoma:.

After a hearing, the Industrial Court awarded Bernice O. Neeser and First Security Bank of Idaho, as guardian of the: estate of Sandra Neeser and Jerry Neeser,. minors, $13,500.00 death benefits from Scotty's Flying & Dusting Service, Inc.; and State Insurance Fund. State Insurance

Fund and its insured, bring this proceeding to review the award.

The law is well settled, and it must be conceded, that where a contract of employment is entered into in this State and an employee covered thereby sustains injury outside the State the extraterritorial provision of our Workmen's Compensation Law applies. 85 O.S.1961 § 4; Williams Brothers Company v. Wiley, Okl., 337 P.2d 1078; General Electric Company v. Folsom, Okl., 332 P.2d 950; Foster Wheeler Corporation v. Bennett, Okl., 354 P.2d 764; Le Flore County Gas and Electric Co. v. Sickmann, Okl., 348 P.2d 312. As equally well settled is the rule of law that, where neither the accidental injury nor the contract of employment took place in the State of Oklahoma, no recovery can be had under the extraterritorial provision of our Workmen's Compensation Law.

The parties are not in disagreement as to the applicable law and agree that the sole question for determination is whether the contract between decedent and Scotty's Flying & Dusting Service was an Oklahoma contract. This is a question of law and fact which must be determined upon the facts and circumstances contained in the record.

Our review of the record discloses that prior to his employment with Scotty's Flying Service, and at the time of his death, deceased was a resident of Phoenix, Arizona. He was unacquainted with Leland C. Scott, owner and operator of respondent employer, prior to his employment. However, he was acquainted with one C. A. Scott, brother of Leland, and the two of them had gone together to the State of Washington seeking employment. After they arrived in Washington, C. A. Scott called his brother in Altus, Oklahoma, to ask if he could return to work for him. He was informed at that time by Leland that he had no work for him. Some two or three days after this call Leland had his wife call C. A. informing him he would hire him (C. A. had worked as a pilot for his brother off and on for six years).

Sometime after C. A. arrived in Oklahoma and had gone to work he told Leland about deceased. He informed Leland that deceased was supposed to have lots of flying experience in that type of operation, that he had never worked with him but understood him to be a good pilot. Leland had his brother, C. A., call deceased, making him a guarantee of $300.00 to cover his expenses to Oklahoma and back whether he went to work or not. Deceased came by air to Amarillo, Texas, where he was met by an employee of Scotty's in Leland's car. They drove to Altus, Oklahoma. Some three days after he arrived in Oklahoma, the decedent began flying jobs for Scotty's, and after flying several crop dusting jobs in Oklahoma was sent to Canadian, Texas. At the time of his fatal accident, which occurred about 13 miles northeast of Pampa, Texas, he was working for Scotty's out of that city.

It is argued by petitioners that the contract of employment was made at the time of the telephone call, that an offer of employment was made which offer was accepted by decedent at the other end of the line in the State of Washington. Claimant counters this contention with the testimony of Leland C. Scott, to the effect that prior to deceased's coming to Oklahoma he was unacquainted with him, that he did not know his qualifications, and that before hiring any pilot in that type of work he investigated his license, qualifications, and experience in that type of operation. After his brother told him about decedent he told the brother to call decedent and tell him if he wanted to take a chance on going to work he would guarantee him $300.00 for his expenses whether he went to work or not. It was his further testimony that some three days after decedent's arrival, after he had interviewed him and investigated his credentials, he put him to work.

Under the circumstances, the fact that decedent was notified that if he wanted to take a chance on going to work he could come to Oklahoma is significant in that it sets up a condition that immediately in-

formed the decedent that he might not be hired even though he made the trip. Our conclusion, based on a consideration of all the evidence, is that decedent's contract of employment was an Oklahoma contract, entered into and accepted at Altus, Oklahoma, and as such is governed by our Workmen's Compensation Law.

For the reasons above stated the award of the Industrial Court is sustained.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.