William K. BURNS, Petitioner,

v.

PHILLIPS OIL COMPANY, Own Risk, and Workers' Compensation Court, Respondents.

No. 61420.

Court of Appeals of Oklahoma, Division No. 4.

July 3, 1984.

Released for Publication by Order of Court of Appeals July 30, 1984.

Richard A. Bell, Norman, for petitioner.

Shelley Himel, Oklahoma City, for respondents.

BRIGHTMIRE, Judge.

The primary issue presented is whether the Workers' Compensation Court correctly concluded it had no jurisdiction to hear the petitioning employee's compensation claim because he was neither injured while employed in Oklahoma nor had he entered into a contract of employment in this state.

After reviewing and construing the evidence in a light most favorable to claimant, we hold the trial court made the right decision.

## I

The facts are that in 1947 claimant lived in Oklahoma. One day he received a telephone call from his brother in Texas asking if he, William K. Burns, wanted to come to Texas and go to work. "And he put me on the phone with someone," said claimant, "and they told me to come on out [to Texas] and I got there at 6:00 in the morning. At 9:30, I'd done taken my physical to go to work." Burns said he would not have gone to Borger, Texas, had he not known he had a job. This is all the evidence there is regarding the initial hiring.

Claimant retired in 1981 after working 33 years in Borger, Texas, for Phillips Petroleum Company. During this time Burns worked in a noisy environment and developed some ear problems which included ringing and impairment of hearing.

## II

The ultimate question is whether the foregoing evidence requires or is even sufficient to sustain a finding that claimant contracted for the Texas job in Oklahoma.

We hold it is not sufficient to support such a finding.

Claimant argues that because there is evidence that in 1947 an unidentified person got on the phone and told him to come on down to Texas, coupled with claimant's statement that he would not have gone to Texas if he had not known he had a job, an Oklahoma contract of employment could and should be inferred. He says this is similar to what happened in *Scotty's Flying & Dusting Service v. Neeser*, 393 P.2d 842 (Okla.1964).

To prevail it was necessary for claimant to prove two facts. One, that there was an offer of employment and its acceptance. Two, the offer must have been made by the prospective employer or its agent in Oklahoma and there accepted by the prospective employee. Here both facts remain unproved. First, there is no identification of the "someone" who got on the phone and certainly nothing to suggest he was acting as an agent for the prospective employer. Second, there is no evidence of a job offer by the mystery caller but merely a request to "come on out." The strength of claimant's faith in the imploration or recommendation of his brother and the other person cannot operate as a substitute for the missing vital evidence—an offer in Oklahoma by Phillips to hire

claimant and its acceptance by claimant in this state. The brother's knowledge about claimant no doubt led him to believe claimant would be hired after filling out an application and undergoing a physical examination. But the actual hiring had to await claimant's offer to work—the application he made in Texas—and an acceptance of the offer by Phillips following passage of the required physical which also occurred in Texas.

The situation in *Scotty's Flying & Dusting Service,* while somewhat analogous, as claimant says, seems to reach a conclusion rather contrary to the one he urges. There the prospective employee was in the state of Washington. He received a call from the agent of a prospective employer in Oklahoma offering to pay up to $300 to cover the prospective employee's expenses to Oklahoma and back to Washington whether he went to work or not. The prospective employee traveled to Oklahoma. Upon arriving in this state, he was interviewed and his flying credentials were examined. Three days after arriving he was hired, began flying and not long after that crashed and died. The high court rejected the employer's contention that a contract of employment had been made in Washington and held it was made after deceased arrived in Oklahoma.

We hold that the only contract of employment established in this case was the one made after claimant arrived in Borger, Texas.

Affirmed.

DeMIER, P.J., and STUBBLEFIELD, J., concur.