## TULSA ROLLING MILLS CO. et al. v. KREJCI et al.

No. 21867. Opinion Filed May 19, 1931.

Hal Crouch, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission made on the 6th day of October, 1930, in favor of the claimant therein, respondent herein, awarding him compensation at the rate of $18 per week, computed from June 1, 1930, to September 24. 1930, in payment for temporary total disability resulting from an accidental injury received by him while in the employ of the petitioner and arising out of and in the course of his employment on March 5, 1930.

The State Industrial Commission found that the respondent was kept on the pay roll of the petitioner until June 1, 1930, and that the average wage of the claimant at the time of the injury was $250 per month.

The award discloses that it was made for a period beginning on June 1, 1930, at the time the petitioner ceased to pay him his wages, and extending to and including September 24, 1930; the date of his recovery.

We will not here determine whether or not the respondent received an accidental personal injury arising out of and in the course of his employment with the peti-

tioner. A determination of that question is not necessary to a determination of the issue presented here.

The respondent claimed to have sprained his ankle and to have been totally disabled from the time of the injury.

If, as found by the Commission, the injury occurred on March 5, 1930, and if the injury resulted in temporary total disability of the respondent to September 24, 1930, then the disability continued for a period of six months and 19 days, which, after deducting the five-day waiting period, leaves a compensable period of six months and 14 days, or 26 weeks, which, at the rate of $18 per week awarded by the State Industrial Commission, would make a total of $468 compensation to which the respondent would be entitled.

The record shows:

"Q. How many days did you work after this injury? A. I didn't work any."

—and that the respondent was, from the 5th day of March, 1930, to the 1st day of June, 1930, paid his regular salary of $250 per month as the foreman of the petitioner's mill. That amount is considerably more than the amount of compensation due him from the date of the injury to the date of the recovery. Having been paid more than he is entitled to recover as compensation, no further compensation should have been awarded.

The record shows that the respondent continued to work for the petitioner whenever the petitioner's mill was operated until discharged on the 1st day of June, 1930. The discharge was caused by the closing of the mill and the reorganization of the company. His claim was signed on the ——— day of July, 1930, at Kansas City, Mo., to which place he had gone to live. He had not asked the petitioner for compensation and he had not filed a claim with the State Industrial Commission for compensation.

We are not willing to say that a man drawing a salary by the month, which is paid to him whether the business is operated or not, may, after receiving an injury, continue to draw his salary until such time as he is discharged, thereafter file a claim for compensation on the basis of temporary total disability, be awarded compensation therefor and not be charged with the amount of salary he has theretofore received after the date of the alleged injury and while the temporary total disability continued.

We are of the opinion that where a claim is filed with the State Industrial Commission asking for an award for temporary total disability and the evidence shows that the salary paid to the injured employee after the date of the injury and during the period of the total disability is in excess of the amount of compensation that could be awarded therefor, the salary so paid must be considered by the State Industrial Commission and deducted from the amount of the compensation otherwise due to the injured employee.

The State Industrial Commission was in error in making the award in favor of the respondent. That award cannot be approved, and the State Industrial Commission is hereby directed to vacate the award and dismiss this claim.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. RILEY, J., absent.