## OKMULGEE GAS ENGINE CORPORATION v. STATE INDUSTRIAL COMMISSION et al.

No. 26547.   Dec. 15, 1936.

George W. Oliphant, for petitioner.

Clyde F. Busey and the Attorney General, for respondents.

PER CURIAM. This is an original proceeding in this court brought by Okmulgee Gas Engine Corporation, as petitioner, to obtain the review and vacation of an award of the State Industrial Commission made in favor of the respondent E. L. Balmain.

The parties will be referred to as petitioner and respondent, respectively.

It is conceded that respondent sustained an accidental personal injury while in the employ of the petitioner and while engaged in a hazardous occupation as defined by the Workmen's Compensation Law of this state. It is further conceded that the injury consisted of a cut on respondent's right thumb and subsequent infection thereof; that petitioner furnished prompt medical attention and paid respondent certain sums in lieu of compensation between September 15, 1934, and October 29, 1934, respectively, which payments amounted to the sum of $88.20.

On May 1, 1935, employer's first notice of injury and claim for compensation was filed with the State Industrial Commission, wherein it was alleged that respondent had sustained the permanent loss of the use of his

right thumb, and that his wages at the time of the injury were $18 per week. On May 11, 1935, the petitioner filed with the State Industrial Commission employer's first notice of injury, wherein it stated that the respondent had been in the employ of the petitioner for about three years and that his average daily wages at the time of the accident were about $3 per day, which were payable weekly. Pursuant to notice hearings were held by the commission, at which testimony of both lay and medical witnesses was introduced and heard. The medical testimony was in accord as to the injury and its permanence, but in conflict as to the percentage. The testimony regarding the wages of the respondent at the time of the injury was in agreement, and as to prior wages the testimony of the respondent was to the effect that his wages varied from $14 to $18 per week, and that there were periods when he was not employed. Petitioner introduced evidence showing that it had actually paid to the respondent during the preceding year the sum of $698.05, and no more. No effort was made to show that this was all of the earnings of the employee for the year from all sources.

On July 10, 1935, the commission found that the average wage of the respondent at the time of the accidental injury was $15 per week; that respondent had sustained a temporary total disability for a period of six weeks and three days beyond the five-day waiting period, and that as a further result of said injury had suffered 50 per cent. permanent partial loss of the use of his right thumb, and awarded respondent compensation at the rate of $10 per week for six weeks and three days on account of the temporary total disability and for 30 weeks at the same rate on account of the 50 per cent. permanent partial disability to his right thumb, and entered an award accordingly. This award we are now called upon to review, and as grounds for the vacation thereof plaintiff urges in substance that respondent's average weekly wage for the year preceding his injury did not exceed $13.43; that respondent's permanent partial disability did not exceed 25 per cent.; that the commission erred in neglecting to allow petitioner credit for the payments made and the commission committed error in excluding certain evidence offered by the petitioner.

In support of the first contention, petitioner attempts to take the wages which it actually paid to the respondent and divide the same by 52 under the provisions of subdivision 4 of section 13355, O. S. 1931. The fallacy of this proceeding, however, is demonstrated in the further argument of the petitioner wherein it attempts to take the average weekly wage arrived at in the above manner and divide the same by six and then apply subdivision 1 of section 13355, supra, to arrive at the weekly wage of the respondent. This procedure is not permissible. The average annual earnings of an employee in proceedings awarding compensation under the Workmen's Compensation Law of this state are to be determined in the manner set forth in subdivisions 1, 2, and 3 of section 13355, O. S. 1931, and when the annual earnings have been determined under one of the above subdivisions as may be applicable to the situation, then and not before subdivision 4 of said section 13355, supra, has an office to perform, namely, the ascertainment of the average weekly wage. See Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. (2d) 891.

Petitioner in employer's notice of injury filed with the State Industrial Commission stated that the average daily wage of the respondent was $3 per day, and that the same was paid weekly. This agreed with the statement of the respondent in employee's first notice of injury and claim for compensation which he filed with the commission. No denial of the rate of pay was filed with the commission, and petitioner offered no evidence to dispute the rate of pay as set forth in the preceding notices filed by both petitioner and respondent with the Industrial Commission. Under these circumstances the rule which we announced in Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 P. 833, is applicable, wherein we said:

"In view of rules Nos. 16 and 23, promulgated by the State Industrial Commission, pursuant to section 7318, C. O. S. 1921, providing that if respondents file no denial within ten days after the filing of a claim for compensation, the allegations contained in the claim will be deemed to be admitted, claimant's allegation in his claim that his average daily wage at the time of injury was $6 is sufficient to support an award for $18 per week in the absence of any evidence at the hearing concerning claimant's average earnings, where respondents appear, offer evidence on other questions at the hearing on the claim, but do not deny either by pleading or evidence such allegation in the claim."

See, also, Cowan v. Watson, 148 Okla. 14, 296 P. 974; Sterling Milk Products Co. v. Underwood, 167 Okla. 361, 29 P. (2d) 937.

We conclude that the commission made no error in its finding relative to weekly wages of the respondent.

With respect to the second contention of

the petitioner, this involves a question of fact which was to be determined by the Industrial Commission from the competent medical testimony before them. As we have previously pointed out, this testimony was in accord as to the injury and the permanency thereof, but in conflict as to the percentage of disability resulting. The commission chose to accord greater weight to the testimony of the physicians appearing for the respondent and to accept their view as to the percentage of disability resulting from the injury. This the commission was privileged to do. See Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P. (2d) 897.

The contention of the petitioner in this regard cannot be sustained.

The petitioner respectfully urges the commission failed to give it any credit for the payments which it had made to the respondent during his temporary total disability, and which payments made by the petitioner exceeded the award made by the commission for said period. This contention is well taken and is in effect confessed by respondent in his brief. Petitioner is entitled to deduct the amount which it paid to the respondent during his temporary total disability from the compensation awarded by the commission. Tulsa Rolling Mills v. Krejci, 149 Okla. 103, 299 P. 225.

Petitioner finally urged that the commission erred in excluding certain evidence which it offered to the effect that respondent had negligently and willfully aggravated his injury. It appears that the basis of this contention was the refusal of the commission to permit the petitioner to inquire as to specific instances of drinking on the part of the respondent, and further refusal to permit one doctor to testify as to the number of times she had smelled liquor on the breath of the respondent. Petitioner, however, fails to show the relevancy of the testimony of this nature and its connection with the injury for which compensation was awarded. Had the commission permitted testimony in the form offered by the petitioner, it would have been necessary to assume facts not in evidence. In support of this contention petitioner relies upon Moran v. Oklahoma Engineering & Machine & Boiler Co., 89 Okla. 185, 214 P. 913; White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 P. 611; Chicago Bridge & Iron Works v. Sabin, 105 Okla. 62, 231 P. 851. An examination of the above cases reveals that they have no application to the situation here presented, being distinguishable both on the facts and principle from the case at bar.

Since the award of the State Industrial Commission is correct in all respects, except for the failure to provide that the petitioner should take credit for the sum of $88.20, which it had previously paid to respondent, said award will be corrected to allow petitioner credit for said sum, and as so corrected, affirmed.

Award corrected and affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.