GALEY & MOLLOY et al. v. BELT et al.

No. 29405.    May 21, 1940.

*102 P. 2d 868.*

Pierce & Rucker, of Oklahoma City, and A. M. Covington, of Tulsa, for petitioners.

H. M. Vance, of Tahlequah, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Galey & Molloy, employer, and Lumbermen's Mutual Casualty Company, its insurance carrier, seeking a review of an award made to B. M. Belt, respondent.

On May 14, 1938, respondent filed employee's first notice of injury and claim for compensation, in which it is stated

that on March 7, 1938, while employed as an electrician and mechanic, he sustained an accidental injury due to inhalation of refrigeration gas, and that the inhalation thereof caused pneumonia and empyema.

On the 27th day of July, 1939, the State Industrial Commission entered an award for temporary total disability finding that by reason of the accidental injury respondent had been temporarily totally disabled from March 7, 1938, to and including June 7, 1938, and ordered payment of the maximum of $18 per week for such period. Petitioners seek to review the award and have raised three propositions: (1) That the State Industrial Commission erred in refusing to make a finding that the employer was not prejudiced by failure to give the written notice provided by section 13358, O. S. 1931, 85 Okla. St. Ann. § 24; (2) that the commission erred in making an award for temporary total disability without making a proper allowance for the payments made to the respondent during the period of temporary total disability; (3) error of the commission in allowing the medical fees.

We are of the opinion that the award cannot be sustained for the reason that A. L. Molloy, general manager and one of the members of the firm or partnership, testified that the respondent had been paid his full wages from March 7, 1938, to and including June 7, 1938. Since the uncontradicted evidence discloses that the respondent was paid his full wages for the only period of disability for which the allowance was made, to wit, temporary total disability from March 7, 1938, to and including June 7, 1938, the case comes clearly within the rule that no compensation can be allowed. Subdivisions 4 and 5, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22. The purpose of the statute, insofar as it relates to the payment of temporary disability during the continuance of such disability, is to pay for the loss of wages. The statute, by the above paragraphs referred to, makes specific provision that in no event shall the injured employee be paid more than the maximum rate, to wit, $18 per week, or an amount in excess of said wages received at the time of the accident. See Eagle Picher Mining & Smelting Co. v. Linthicum, 175 Okla. 483, 53 P. 2d 687; Okmulgee Gas Engine Corp. v. State Industrial Commission, 178 Okla. 407, 63 P. 2d 86; Tulsa Rolling Mills v. Krejci, 149 Okla. 103, 299 P. 225.

Since the award must be vacated for the foregoing reason, we deem it unnecessary to discuss the two remaining propositions except to state that in Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235, this court held that an order for medical expenses where none are presented does not injure the petitioner; that the employer is liable only for such proper medical expenses as have been presented and allowed. Since the general order does not prejudice the petitioners against any special fee or claim for medical expenses that may be presented hereafter, we are of the opinion that it is not necessary to determine to what extent the said order is binding until that matter has been presented in some definite claim made in an authorized proceeding.

The cause is remanded to the State Industrial Commission, with directions to vacate the award for temporary total disability. Award vacated, with directions.

WELCH, V. C. J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur.