## OKLAHOMA OIL CORP. et al. v. TUTTLE et al.

No. 29320.   May 28, 1940.

Rehearing Denied June 18, 1940.

103 P. 2d 516.

Don Anderson, of Oklahoma City, for petitioners.

S. S. Wachter, of Oklahoma City, for cross-petitioners.

W. R. Withington and Chas. W. Moss, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Oklahoma Oil Corporation, hereafter referred to as petitioner, and its insurance carrier, and Iverson Tool Company, hereafter referred to as cross-petitioner, and its insurance carrier, to obtain a review of an award which was made on June 14, 1939, by the State Industrial Commission in favor of C. D. Tuttle, hereinafter referred to as respondent.

The award was one for a specific disability, to wit, the loss of the left eye, and was against A. M. Iverson primarily, and the petitioner and the cross-petitioner and their insurance carriers secondarily. The petitioner does not contest its liability, but urges that the liability of the cross-petitioner should have been held to be primary rather than secondary, and that credit should have been allowed in the award for the sum of $100 which A. M. Iverson had voluntarily paid on the compensation of the respondent. The cross-petitioner contends that the finding of the State Industrial Commission that it was an employer of the contractor, A. M. Iverson, is unsupported by any competent evidence, and therefore the award is illegal insofar as the same purports to hold it secondarily liable to the respondent for the payment of compensation.

The sole issues which we are called upon to determine are whether there is any competent evidence in the record to support the award against the cross-petitioner and its insurance carrier, and whether the commission erred in failing to direct credit to be given for the $100 which the primary employer, A. M. Iverson, had previously voluntarily paid to the respondent.

We will consider first the contention with reference to the liability of the cross-petitioner. The record shows that the cross-petitioner held a mortgage on half interest owned by C. W. Hicks in a lease on which there was an exhausted gas well; that the Oklahoma Oil Corporation owned the other half interest in said property, and that it made a contract with A. M. Iverson to pull the cas-

ing and equipment in the gas well; that Hicks was unwilling to expend any money for this purpose and that the cross-petitioner agreed to accept one-half of the property to apply on its debt from Hicks to it and to pay his part of the costs of pulling out of the proceeds from the sale of such property. The record further shows that petitioner made inquiry of A. M. Iverson as to whether he carried compensation insurance on his employees, and was informed by him that he did, but that it did not investigate further nor require that said contractor carry such insurance, and that it developed that his insurance covered his operations only in the state of Kansas and not in the state of Oklahoma.

The liability of one dealing with an independent contractor arises under the provisions of section 13351, O. S. 1931, 85 Okla. St. Ann. § 11, and has been declared to arise only where a person dealing with such contractor has the duty of requiring compliance by him with the requirements of the Workmen's Compensation Law. Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298; Haas v. Ferguson, 184 Okla. 279, 86 P. 2d 986. The record is devoid of any evidence which would show that the cross-petitioner had any such duty, and therefore the finding of the State Industrial Commission that the cross-petitioner and its insurance carrier were liable for failure to require the contractor to carry insurance is unsupported by any competent evidence, and the award in this respect must and will be vacated as a matter of law. Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777.

The contention of the petitioner that credit should have been allowed for the $100 which the employer, A. M. Iverson, had paid to the respondent is well taken and is sustained. Tulsa Rolling Mills Co. v. Krejci, 149 Okla. 103, 299 P. 225; Okmulgee Gas Engine Corp. v. State Industrial Commission, 178 Okla. 407, 63 P. 2d 86. The award, insofar as it holds the Iverson Tool Company and its insurance carrier, Maryland Casualty Company, liable to payment of compensation, is vacated, with directions to dismiss the proceeding as to said parties. The award is corrected so as to provide that credit shall be given for the $100 previously paid to the respondent by A. M. Iverson, and as so corrected is in all other respects sustained.

Award vacated in part and corrected and sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.