DON CLAWSON DRILLING COMPANY and Tri-State Insurance Company, Petitioners,

v.

Lonnie FINCH and State Industrial Commission, Respondents.

No. 36084.

Supreme Court of Oklahoma.

Nov. 23, 1954.

Kerr, Lambert, Conn & Roberts, Ada, for petitioners.

W. F. Smith, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a proceeding by Don Clawson Drilling Company and Tri-State Insurance Company, its insurance carrier, to review an award of the State Industrial Commission awarding compensation to Lonnie Finch.

Respondent in his claim for compensation states that on May 9, 1951, while in the employ of petitioner drilling company he sustained an injury consisting of a broken leg. The injury was caused by a drill pipe striking him on the leg.

The trial commissioner to whom the case was assigned found, in substance, at the close of the evidence: that on May 9, 1951, respondent, while in the employ of petitioner, Don Clawson Drilling Company, and engaged in the course of his employment, sustained an accidental personal injury consisting of an injury to his right foot; that claimant's wages were sufficient to entitle him to the maximum rate of compensation; that claimant has been paid temporary total compensation from May 9, 1951, to February 9, 1953; and as a further result of his injury he sustained a 25 per cent permanent partial disability to his right foot for which he is entitled to compensation in the sum of $937.50. An award was entered accordingly and it was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award, but they do not contend that the evidence is insufficient to sustain it. Their contention is that they have made salary and compensation payments to respondent during his period of temporary total disability in an amount in excess of the amount he is entitled to recover for temporary total and permanent partial disability, and they should have been allowed a credit against the award for permanent partial disability in an amount sufficient to offset the award; and that no further compensation should have been awarded against them. We think this contention well taken.

Petitioners filed a joint answer in which they alleged they had made overpayments, and claimed credit therefor.

The evidence shows that respondent was temporarily disabled from May 9, 1951, to February 9, 1953; that during this period petitioner insurance carrier paid him temporary total compensation in the sum of $2,-070.83, and, in addition thereto, paid him his regular salary amounting to the sum of $4,142.41. Thus, during his period of total permanent disability, respondent received compensation, salary and wage payments in excess of the amount he was entitled to recover for temporary total and permanent partial disability, in the sum of $3,204.91. We think the Commission should have allowed petitioners credit against the award for permanent partial disability in an amount sufficient to offset the award.

In Tulsa Rolling Mills Co. v. Krejci, 149 Okl. 103, 299 P. 225, we held:

"Where a salaried employee receives an accidental injury, arising out of and in the course of his employment, within the provisions of the Workmen's Compensation Act, and is thereby temporarily totally disabled, files no claim with the State Industrial Commission for compensation therefor, continues to receive his wages as such employee until discharged but does no work, thereafter files his claim for compensation, and receives an award based on temporary total disability, the amount of the wages so paid must be charged against him and deducted from the amount of the award due to him under the provisions of the Workmen's Compensation Act for the temporary total disability."

In Mayo Hotel Co. v. Barney, 185 Okl. 609, 95 P.2d 627, we determined, upon the basis of the principle applied in previous cases, that where an employer has made payments to an injured employee during his period of temporary total disability in ex-

cess of the amount he was entitled to recover for such disability, the employer is entitled to a credit in the amount of the excess against an award entered for permanent partial disability. In this connection see, also, Oklahoma Oil Corp. v. Tuttle, 187 Okl. 467, 103 P.2d 516, and Okmulgee Gas Engine Corp. v. State Industrial Commission, 178 Okl. 407, 63 P.2d 86. In Gulf Oil Corp. v. Rouse, 202 Okl. 395, 214 P.2d 251, 254, we said:

> "Petitioner should be allowed credit on the award for sick benefits in the amount of $1190.72 paid to respondent during the time he was disabled as a result of his injuries."

To support the award respondent relies on Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018. In that case we refused to allow as a credit against an award for permanent partial disability, salary payments made to an employee during his period of permanent total disability. The evidence in that case, however, failed to show that the salary payments made to the employee were in excess of the amount he was entitled to receive for temporary total disability; and for this reason the credit was not allowed. Respondent also cites and relies on Tidewater Associated Oil Co. v. Ale, 191 Okl. 414, 130 P.2d 991. The employer in that case claimed credit for money the injured employee received from the proceeds of an insurance policy afforded by the joint efforts of the employer and employee. We there held that the employer was not entitled to a credit against the award for money so received. Our conclusion in that case however was based on 85 O.S.1941 (and 1951) sec. 45, which provides:

> "No benefits, saving or insurance of the injured employee, independent of the provisions of this act shall be considered in determining the compensation or benefit to be paid under this act."

The cases cited and relied on by respondent are not applicable to the facts in the present case. Respondent further contends that the employer Don Clawson Drilling Company made no claim for the credit now claimed nor did it offer any evidence in support of such claim. This contention is without merit. The Don Clawson Drilling Company and its insurance carrier filed a joint answer in which they alleged that during respondent's period of temporary total disability he was paid wages, salary and compensation in excess of the amount he was entitled to recover for temporary total disability; and asked that they be given credit for the amount of such excess against any award entered against them for either temporary total or permanent partial disability. At the hearing evidence, as hereinbefore indicated, was introduced in support of said allegations.

Respondent finally contends that petitioner insurance carrier is bound under the terms of its policy to pay the award entered by the State Industrial Commission, and that it cannot escape such liability by claiming a credit against the award for payments made by the employer. We do not agree. An insurance carrier may, under the Workmen's Compensation Law, make the same defenses as are available to the employer and may not be held liable where the employer is not liable. Van Zant v. State Ins. Fund, 203 Okl. 421, 223 P.2d 111; Board of Com'rs of Adair County v. Ragg, Adm'x, 194 Okl. 62, 147 P.2d 157.

On the basis of the evidence and the authorities above cited, the Commission should have allowed petitioners a credit against the award for permanent partial disability in an amount sufficient to offset the award.

Award vacated with directions to enter an award in accordance with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL and WILLIAMS, JJ., concur.