Mickey C. HUDSON, Plaintiff and Appellant,

v.

KAISER STEEL CORPORATION (Employer), The Industrial Commission of Utah, and the Second Injury Fund of the State of Utah, Defendants and Respondents.

No. 18655.

Supreme Court of Utah.

March 25, 1983.

Virginius Dabney, Salt Lake City, for plaintiff and appellant.

Timothy C. Allen, Edwin C. Barnes, David L. Wilkinson, Frank V. Nelson, Salt Lake City, for defendants and respondents.

OAKS, Justice:

The Industrial Commission ordered that amounts due an employee for permanent partial disability be offset by a previous overpayment of amounts due that employee for temporary total disability pertaining to

the same injury. The employee challenges that decision in this petition for review.

The employee was injured on the job on October 4, 1979. From that date until he returned to work on August 3, 1981, his employer, Kaiser Steel Corp., paid him $210 per week for temporary total disability. These payments totalled $17,700. After a succession of hearings, the administrative law judge adopted the medical panel's findings that the employee's condition had become stable on May 1, 1980, and that his industrial accident had resulted in a 15 percent permanent partial impairment of the whole man. As a result, the Commission concluded that the employer should have paid the employee $210 per week from October 4, 1979, to May 1, 1980 (a total of $6,269.97), that the employee should have returned to work on May 1, 1980, and that the employee should have received compensation at the rate of $140 per week for 46.8 weeks (a total of $6,552) for the 15 percent permanent partial impairment. The employee does not challenge these findings or conclusions.

The Commission ordered that since the employer had already paid the employee $17,700 for temporary total disability, the employer (1) had fulfilled its $6,269.97 obligation in that category, (2) could offset the overpayment against the $6,552 award for permanent partial disability and therefore owed nothing further in that category, and (3), as to the balance of the overpayment, was entitled to a credit of $4,878.03 against any future compensation it might owe the employee because of this industrial accident.

The employee challenges the second and third conclusions, contending, basically, that temporary total disability and permanent partial disability are totally different kinds of compensation schemes, and that there is no legal warrant for permitting an overpayment in one category to be offset against an obligation in the other category. The employer counters that temporary total and permanent partial are merely different facets of a single wage loss program for an industrial injury, so that a wage loss compensated under one facet of the program cannot equitably be compensated anew under the other. In support of its argument, the employer relies on the equitable principles cited in U.C.A., 1953, § 35–1–66 ("such period of compensation as the commission shall deem equitable") and relied on by this Court in analogous circumstances in *Di Giorgia Corp. v. Industrial Commission,* Utah, 575 P.2d 190 (1978) (§ 35–1–78 power to modify orders authorizes Commission to take previously paid permanent partial disability payments and redesignate them as temporary total compensation).

We conclude that the Commission did not act contrary to law or unreasonably in ordering the offsets. Some state statutes direct offsets in similar circumstances,[1] but Utah has no such statutory direction. In a similar absence of statutory direction, a line of Oklahoma cases has directed that later awards for industrial injuries be offset against earlier amounts paid voluntarily or in another category for the same injuries. *Service Pipe Line Co. v. Cargill,* Okl., 289 P.2d 961 (1955) (overpayment on temporary total disability offset against later award for permanent partial disability); *Oklahoma Oil Corp. v. Tuttle,* 187 Okl. 467, 103 P.2d 516 (1940) (voluntary payment offset against later award for specific disability); *Tulsa Rolling Mills Co. v. Krejci,* 149 Okl. 103, 299 P. 225 (1931) (voluntary wage payments during period of temporary total disability offset against later award of temporary total disability for same period).

In addition to the equitable considerations cited by the employer and applied in the Oklahoma cases, we rely on the fact that our statutory provisions for temporary total disability, U.C.A., 1953, § 35–1–65, and permanent partial disability, § 35–1–66, are two parts of an integrated effort to compensate employees for wage losses suffered by reason of industrial injuries. As such, they should be viewed and applied as a whole, not in isolation. So viewed and applied, they should not require an employ-

1. *E.g., Trayle v. Dep't of Labor and Indus.,* 70    Wash.2d 141, 422 P.2d 520 (1967).

er to compensate an employee for wage losses for which the employer has already compensated him or her. Similarly, we have held in *Paoli v. Cottonwood Hospital,* Utah, 656 P.2d 420, 421 (1982), and *David v. Industrial Commission,* Utah, 649 P.2d 82 (1982), that the closely related second injury fund was not intended to compensate an employee again for a permanent impairment for which he or she has already been compensated.

The sole authority relied on by the employee, the dictum in *Katsanos v. Industrial Commission,* 71 Utah 479, 483–84, 267 P. 781, 783 (1928), is not to the contrary. That opinion states that the specific amount awarded for the loss of an arm should not be reduced because of other compensation received for temporary disability between the time of the injury and the later time when progressive deterioration required the arm to be amputated. The principle on which that dictum was based would prevent reducing the amount of an award of permanent partial disability by reason of amounts previously and regularly paid for temporary total disability, but it does not preclude offsetting an overpayment in temporary total against an award of permanent partial where the effect of that offset is not to reduce the total amount the Commission awarded to the employee for each category of disability.

The Commission's order is affirmed.

HALL, C.J., and STEWART, HOWE, and DURHAM, JJ., concur.