Kenneth JOHNSON, Plaintiff,

v.

HARSCO/HECKETT and/or Insurance Company of North America/Aetna, and the Industrial Commission of Utah, Defendants.

No. 860086.

Supreme Court of Utah.

May 14, 1987.

Mary C. Corporon, Salt Lake City, for plaintiff.

Robert J. Shaughnessy, Salt Lake City, for defendants.

HALL, Chief Justice:

Plaintiff Kenneth Johnson seeks review of an order of the Industrial Commission denying additional workers' compensation benefits.

The facts are not in dispute. On October 9, 1980, plaintiff was injured in an accident arising out of the course of his employment. The accident occurred when a truck rolled backward and ran over him. Since the accident, plaintiff has been under the treatment of several physicians, including Dr. Douglas Schow. A medical report prepared by Dr. Schow dated December 5, 1983, indicated that plaintiff's combined injuries resulted in 79 percent permanent impairment. Plaintiff did not work from the date of injury until May 15, 1985.

Defendant insurance company paid all medical bills resulting from the accident. It also paid temporary total disability compensation commencing with the date of the accident until January 16, 1984, at the rate of $230 per week, for a total of $39,198.57. On January 16, 1984, the insurance carrier began paying plaintiff permanent total disability benefits at the rate of $196 per week, which represented 85 percent of the state average weekly wage at the time of plaintiff's injuries. These latter payments were made on the assumption that plaintiff would be permanently and totally disabled, but in fact he was not.

An administrative law judge determined that since plaintiff had returned to work, he should be paid permanent partial disability benefits subject to the limitations set forth in the last paragraph of Utah Code Ann. § 35–1–67 (Supp.1986). Accordingly, the insurance carrier was required to pay plaintiff compensation at the rate of $196 per week for a total amount of $61,152 (representing 85 percent of the state average weekly wage at the time of plaintiff's injury, payable over a single period of 312 weeks). Payments plaintiff had already received were deducted from this total amount. Further, the administrative law judge ordered the employer and the insurance carrier to pay all medical expenses incurred as a result of the accident.

Plaintiff filed a motion for review with the Industrial Commission on December 31, 1985, which motion was denied on January 21, 1986. Thereafter, plaintiff petitioned this Court.

Plaintiff challenges the Industrial Commission's determination that he is not entitled to maximum compensation for both temporary total and permanent partial disability. Specifically, plaintiff contends that as a matter of law he is entitled under Utah Code Ann. § 35–1–65 (Supp.1979) (amended 1981) to receive temporary total disability benefits for 312 weeks at 100 percent of the state average weekly wage at the time of his accident and, in addition, under Utah Code Ann. § 35–1–66 (Supp. 1979) (amended 1981 & 1983), he is entitled to receive benefits for permanent partial disability at the appropriate level of com-

pensation for another 312 weeks. We disagree.

Plaintiff's claim must be reviewed in light of the final paragraph of Utah Code Ann. § 35–1–67 (Supp.1986),[1] which limits the compensation to which claimants are entitled and provides as follows:

> In no case shall the employer or the insurance carrier be required to pay compensation for any combination of disabilities of any kind as provided in §§ 35–1–65, 35–1–66 and this section, including loss of function, in excess of 85% of the state average weekly wage at the time of the injury per week for 312 weeks.

This statutory provision indicates an intent to prevent double compensation by limiting a claimant's comprehensive benefits to one 312–week maximum period. Plaintiff, however, argues that section 35–1–67 is in direct contradiction with sections 35–1–65 and 35–1–66 and thus should not be applied. We are not persuaded.

To accept plaintiff's argument would be to ignore the plain language of section 35–1–67, and plaintiff has demonstrated no convincing rationale for so doing. Moreover, the result plaintiff urges is inconsistent with the statutory structure which provides for both temporary and permanent benefits. In this regard, under Utah's workers' compensation statutes, there are four categories of disability, each controlled by a separate statutory provision.[2] The common denominator for compensation under each category is the loss of employability resulting from injury.[3] Generally, temporary total disability benefits are awarded when an individual suffers a job-related injury that prevents him or her from returning to work. These benefits continue until the Commission determines that the disability fits into another classification or until benefits have been paid for the statutory maximum of 312 weeks.[4] Determination of the temporary or permanent nature of a disability is typically made when the claimant reaches medical stabilization.[5] Once stabilization has occurred and the claimant moves from temporary to permanent status, "he is no longer eligible for temporary benefits."[6] Therefore, to award plaintiff temporary total disability compensation regardless of the permanent nature of his impairment contravenes the statutory structure which provides for both temporary and permanent benefits.[7]

Furthermore, because in this case the statutory provisions for temporary total and permanent partial disability are parts of an integrated effort to compensate employees for wage loss suffered by reason of industrial injuries, they should be viewed and applied if possible as a whole, not in isolation.[8] So considered and applied, an employee is not entitled to compensation for wage loss for which the employer has already compensated him or her.[9] Realistically, and in view of our workers' compensation plan, any other holding ignores the plain language of the workers' compensation statutes and would result in claimants' receiving duplicate payments for loss of earning capacity.

Accordingly, the order of the Industrial Commission is affirmed.

---

1. The substance of the last paragraph of Utah Code Ann. § 35–1–67 has remained unchanged since 1975.

2. *Booms v. Rapp Const. Co.,* 720 P.2d 1363, 1366 n. 1 (Utah 1986). Categories of disability include: temporary total, Utah Code Ann. § 35–1–65 (Supp. 1986); temporary partial, Utah Code Ann. § 35–1–65.1 (Supp.1986); permanent partial, Utah Code Ann. § 35–1–66 (Supp.1986); and permanent total, Utah Code Ann. § 35–1–67 (Supp.1986).

3. *Marshall v. Industrial Comm'n,* 681 P.2d 208, 211 (Utah 1984).

4. *Booms,* 720 P.2d at 1366. "Every disability may be reclassified if the character of the disability changes from temporary to permanent and/or the character of the disability changes from total to partial." *Id.* (footnote omitted).

5. *Id.*

6. *Id.*

7. *See id.* at 1366–67.

8. *Hudson v. Kaiser Steel Corp.,* 662 P.2d 29, 30 (Utah 1983).

9. *Hudson,* 662 P.2d at 30–31.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.