James T. GRIFFITH, Plaintiff,

v.

INDUSTRIAL COMMISSION OF UTAH, Cedar City Coca Cola Bottling Company, and Second Injury Fund, Defendants.

No. 870208–CA.

Court of Appeals of Utah.

May 18, 1988.

James L. Shumate (argued), Cedar City, for plaintiff.

Shaun Howell (argued), Salt Lake City, for Workers Compensation Fund.

Erie Boorman, Adm'r, Second Injury Fund, Salt Lake City.

Before BILLINGS, DAVIDSON and GARFF, JJ.

## OPINION

GARFF, Judge:

This is an appeal brought by plaintiff to review a decision of defendant, Industrial Commission of Utah (Commission), denying plaintiff temporary total disability benefits pursuant to Utah Code Ann. § 35-1-65 (1981).

Plaintiff has had a complicated history of repeated sprains and injuries to both his right and left ankles since 1978. The left ankle ultimately required surgical repair in 1984, during which plaintiff experienced cardiac arrest.

On April 16, 1985, plaintiff injured his right ankle at work. Dr. McNaught treated the ankle with ice and immobolized it with a brace. Plaintiff received temporary total disability benefits for this injury until May 2, 1985.

On May 2, 1985, Dr. McNaught reexamined plaintiff's right ankle and found that, after immobilizing it in a brace, the ankle had good range of motion with no swelling or discomfort. Dr. McNaught further recommended plaintiff be retrained for lighter work.

Plaintiff reinjured his right ankle at home in May 1985 and, again, on a family trip in June 1985. These reinjuries were treated with ice and continued immobilization with the brace. On July 18, 1985, Dr. McNaught sought the Commission's guidance on how to advise plaintiff regarding the continued care of his ankle. The Commission did not respond to Dr. McNaught's letter.

On August 14, 1985, Dr. McNaught reported to the Commission that plaintiff was able to manage if his right ankle was immobilized with the brace. However, without the brace, the ankle was prone to sprains secondary to torn ligaments. He sought authorization to proceed with surgical repair of the right ankle and for medical consultation prior to surgery because of plaintiff's hypertension and asthma. In response to his letter, the Utah State Insurance Fund authorized medical consultation and, if indicated, liability for surgery.

On October 2, 1985, another orthopedic surgeon evaluated plaintiff's right ankle and recommended surgical reconstruction. On October 3, 1985, an internist evaluated plaintiff's hypertension and asthma, and advised that the ankle surgery be postponed until the hypertension and asthma were controlled.

Plaintiff underwent surgery on his right ankle on December 30, 1985, following stabilization of his hypertension and asthma. Thereafter, he engaged in a course of physical therapy which was completed on March 15, 1986, and was released from medical care on April 2, 1986.

The medical panel initially found the left ankle problems were connected with industrial accidents but the right ankle problems were not. Based on this assessment, the panel advised the Commission that plaintiff was not eligible for temporary total disability payments beyond May 3, 1985.

Plaintiff filed timely objections concerning the etiology of the right ankle injury and the need for surgery. Subsequently, the medical panel revised its opinion, indicating that the right ankle injury and sub-

sequent surgery should be attributed to industrial accidents.

The confusion created by the medical panel's revised opinion resulted in an attempt to negotiate the issue of temporary total disability. For settlement purposes, defendants offered to pay temporary total disability from December 30, 1985 to the date of plaintiff's release on April 2, 1986, but denied liability from May 3, 1985 through December 29, 1985. Plaintiff refused this settlement offer and requested that the Commission rule on the issue of his temporary total disability from May 3, 1985 to April 6, 1986.

The A.L.J. determined that defendants should not be liable for the period of time in which plaintiff's hypertension and asthma had to be stabilized so that surgery could be safely performed. Therefore, the A.L.J. denied compensation from May 3, 1985 to December 29, 1985.

The A.L.J. denied plaintiff's request for reconsideration. Plaintiff's motion for review before the Commission was also denied. Plaintiff then filed this appeal pursuant to Utah Code Ann. § 35–1–83 (1986).

The issue raised on appeal is whether the Commission was arbitrary and capricious in concluding that plaintiff's ankle injury was stabilized from May 3, 1985 through December 29, 1985.

The standard of review, as set forth in Utah Code Ann. § 35–1–85 (1974)[1], reads in relevant part, "[t]he findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission." Utah Code Ann. § 35–1–84 (1974) allows a reviewing court to set aside the Commission's award upon only two grounds: 1) an act beyond the Commission's authority, or 2) an award unsupported by the factual findings. In reviewing the Commission's findings in the present case, we will evaluate the evidence "in [the] light most favorable to the Commission's findings, ... [and] will not interfere with the orders of the Commission unless it appears contrary to law or contrary to the evidence." *Savage v. Industrial Comm'n,* 565 P.2d 782, 783 (Utah 1977).

### STABILIZATION

■ The Commission's determination of the extent and duration of plaintiff's disability is a question of fact. *Entwistle Co. v. Wilkins,* 626 P.2d 495, 498 (Utah 1981). In reviewing the factual findings of a governmental agency, this Court extends the agency the greatest degree of deference and reviews the record to determine whether there is evidence of any substance to support its findings. *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n,* 658 P.2d 601, 609 (Utah 1983). *See also Kaiser Steel Corp. v. Industrial Comm'n,* 709 P.2d 1168, 1169 (Utah 1985).

Plaintiff contends that he is entitled to a finding of total temporary disability from May 3, 1985 to December 29, 1985, pursuant to Utah Code Ann. § 35–1–65.

■ "Temporary total disability benefits are typically awarded after a worker suffers a job-related disability that prevents him or her from returning to work." *Booms v. Rapp Constr. Co.,* 720 P.2d 1363, 1366 (Utah 1986). Temporary disability compensation is intended to be just that, temporary. It merely provides an employee with income during the time he recuperates from work-related injuries until his condition has reached medical stabilization. *Entwistle,* 626 P.2d at 497. "Stabilization means that the period of healing has ended and the condition of the claimant will not materially improve." *Booms,* 720 P.2d at 1366. When a claimant reaches medical stabilization, he is no longer eligible for temporary benefits and his status must be reassessed. *Id.* Stabilization is a factual

---

**1.** The new Utah Administrative Procedures Act, Utah Code Ann. § 63–46b–1 to –21 (1987), is applicable to all agency adjudicative proceedings commencing by or before an agency on or after January 1, 1988. The present action was commenced before the Commission prior to January 1, 1988 and is, therefore, governed by the statutes and rules in effect on December 31, 1987, pursuant to Utah Code Ann. § 63–46b–22 (1987).

question to be determined by medical evidence contained in the record. *See id.* at 1367; *see also Entwistle,* 626 P.2d at 498.

The Commission concluded that Dr. McNaught's letter of May 2, 1985, describing plaintiff's condition as having "settled down nicely," indicated that plaintiff's healing period had ended and his condition had stabilized. The Commission further determined that plaintiff's surgical repair had to be delayed because of his other medical problems, not for further treatment of his ankle. On the other hand, plaintiff contends that the brace was conservative treatment which continued until August of 1985 when it was determined that surgery would be necessary to correct his right ankle problems. Plaintiff further asserts that stabilization had not occurred until April of 1986.

In reviewing the evidence in the light most favorable to the Commission, we find substantial evidence to support the Commission's findings of stabilization of plaintiff's ankle on May 2, 1985. In fact, plaintiff's own testimony reveals that the only reason for postponing surgery was due to problems associated with his asthma and hypertension. The reinjuries of his right ankle in May and June of 1985 were not work-related and plaintiff cannot receive benefits for these injuries. Thus, we affirm the Commission's conclusion that the brace merely maintained the ankle's stabilized condition until his other medical problems were controlled to the point of proceeding with the ankle surgery.

Although plaintiff argues that the record contains no medical evidence to indicate that he was stabilized until the April 2, 1986 letter releasing him from medical care, "the burden rest[s] upon the plaintiff to prove the extent of his disability by evidence which persuades the Commission...." *Shipley v. C & W Contracting Co.,* 528 P.2d 153, 155 (Utah 1974). The evidence on the record contains no indication that the brace was an attempt at conservative treatment. Even assuming plaintiff had introduced such evidence, it is our duty to review the total evidence in the light most favorable to the Commission's

decision. In doing so, we will not displace the Commission's findings absent a showing that the decision was arbitrary and capricious.

We, therefore, hold that the Commission's conclusion that plaintiff's ankle injury had reached medical stability on May 2, 1985 and that the ankle brace merely maintained plaintiff's ankle stability until his other medical problems could be controlled were not arbitrary and capricious because they were supported by substantial evidence on the record. We, therefore, affirm the Commission's denial of temporary total disability pursuant to Utah Code Ann. § 35-1-65 for the period between May 3, 1985 to December 29, 1985. Further, we find it unnecessary to address the remaining issues raised in this appeal.

Judgment affirmed.

BILLINGS and DAVIDSON, JJ., concur.