**Jay REKWARD, Plaintiff,**

v.

**INDUSTRIAL COMMISSION OF UTAH, Howard Foley Company, Travelers Insurance Company and Second Injury Fund, Defendants.**

No. 870371–CA.

Court of Appeals of Utah.

May 19, 1988.

S. Junior Baker (argued), Salt Lake City, for plaintiff.

Erie Boorman, Adm'r, Second Injury Fund (argued), Salt Lake City, for Second Injury Fund.

Steven J. Aeschbacher (argued), Salt Lake City, for Howard Foley Co.

Before BENCH, GARFF and GREENWOOD, JJ.

OPINION

BENCH, Judge:

On petition for review, Jay Rekward challenges the permanent partial impairment rating and the discontinuance of temporary total disability benefits in an order of the Industrial Commission (Commission). We affirm the Commission's order.

Rekward was employed by Howard Foley Company (Foley) as a heavy equipment operator. On August 17, 1983, Rekward was injured in an industrial accident when his backhoe rolled down a slope. He received emergency treatment for injuries to his spine, arm and hand, and was subsequently treated by several physicians. Travelers Insurance (Travelers), Foley's workers' compensation insurance carrier, paid for Rekward's medical expenses and began temporary total disability payments. In May 1986, Rekward's physician, Dr. Jane Squires, referred him to Dr. Robert Baer for an impairment rating. Dr. Baer found Rekward had a permanent partial impairment rating of 35%, 30% due to the cervical injury. In her report to the Commission, Dr. Squires released Rekward for light work, but concluded he was unable to return to his former occupation. Dr. Squires declared Rekward medically stable as of July 21, 1986. Rekward subsequently enrolled in a two-year Idaho vocational rehabilitation program.

Travelers discontinued the temporary total disability compensation and requested an independent evaluation by Dr. Geoffrey Orme. Dr. Orme found Rekward had an impairment of 22%, 20% due to the cervical injury, based on guidelines established by the American Academy of Orthopedic Surgeons. Dr. Orme also concluded Rekward was unable to return to his former occupation, but should pursue vigorous rehabilitation and be trained for lighter employment.

Rekward filed an application for a hearing seeking a continuation of temporary total disability compensation, a referral to the Utah Department of Vocational Rehabilitation, and a determination of his permanent partial impairment rating. After a hearing, the Administrative Law Judge (A.L.J.) referred the matter to a medical

panel. The panel found Rekward reached a fixed state of recovery on July 21, 1986. The panel also found Rekward had an impairment rating of 23%, 10% due to the cervical injury. The panel agreed Rekward was unable to return to his prior work. Rekward filed an objection to the panel's findings based on the significant difference in his impairment ratings.

In his findings, conclusions, and order, the A.L.J. adopted the panel's findings and rejected Rekward's objection. The A.L.J. awarded Rekward temporary total disability benefits from the date of injury until July 21, 1986, the date of medical stability, and permanent partial disability benefits thereafter. Rekward's permanent partial disability benefits have since expired. He filed a motion for review claiming the weight of the evidence supported a higher impairment rating and seeking temporary total disability compensation during his period of rehabilitation. In an order denying Rekward's motion for review, the Commission concluded the A.L.J. acted properly in adopting the medical panel's findings and using the date of medical stability as the date to terminate temporary total disability compensation.

■ On petition for review, Rekward argues the Commission erred in not finding a higher impairment rating. "The extent and the duration of an employee's disability are questions of fact to be determined by the Commission." *Entwistle Co. v. Wilkins*, 626 P.2d 495, 498 (Utah 1981). This Court will not disturb the Commission's findings unless they are arbitrary and capricious. *American Roofing Co. v. Industrial Comm'n*, 752 P.2d 912 (Utah App.1988). Rekward argues the impairment ratings given by the treating physicians, especially Dr. Orme, were more credible than the medical panel's rating. However, simply because the Commission adopted the findings of the panel rather than those of the independent physicians does not render the Commission's finding arbitrary and capricious. *Rushton v. Gelco Express*, 732 P.2d 109 (Utah 1986). The record is clear that the medical panel considered all the evidence in determining its rat-

ing. Rekward fails to convince this Court the medical panel's permanent partial impairment rating is arbitrary and capricious.

■ Alternatively, Rekward argues the A.L.J. erred in not conducting a hearing on his objection to the medical panel's report. Rekward did not request a hearing at the administrative proceeding, nor did he raise this issue in his motion for review before the Commission. Rekward first raised the issue in his docketing statement filed with this Court. We do not consider issues raised for the first time on appeal. *James v. Preston*, 746 P.2d 799 (Utah App.1987). In any event, under Utah Code Ann. § 35–1–77 (1987), the granting of a hearing on an objection to the medical panel's report is discretionary with the Commission. *See Moore v. American Coal Co.*, 737 P.2d 989 (Utah 1987) (no abuse of discretion in denying request for a hearing).

■ Rekward last argues the Commission erred in disallowing temporary total disability benefits during his period of rehabilitation. The medical panel and physicians agreed rehabilitation is necessary in order for Rekward to return to some form of employment. Rekward points out that temporary total disability benefits "are intended to compensate a workman during the period of healing and until he is able to return to work, usually when released for that purpose by his doctor." *Intermountain Health Care, Inc., v. Ortega*, 562 P.2d 617, 619–20 (Utah 1977) (footnote omitted). Rekward claims that since he will be unable to return to work until at least after rehabilitation, his temporary total disability benefits by definition should continue through his rehabilitation.

In *Booms v. Rapp Construction Company*, 720 P.2d 1363 (Utah 1986), the Utah Supreme Court clarified its treatment of temporary total disability benefits. In *Booms*, the Court held, "The determination of the temporary or permanent character of a disability is typically made when a claimant reaches medical stabilization." *Id.* at 1366. After recognizing its earlier language in *Ortega*, the Court continued:

Stabilization means that the period of healing has ended and the condition of

the claimant will not materially improve. Once healing has ended, the permanent nature of the claimant's disability can be assessed and benefits awarded accordingly. Once a claimant reaches medical stabilization, the claimant is moved from temporary to permanent status and he is no longer eligible for temporary benefits.... Identifying when the healing period has ended does not require a finding of ability to work; stabilization is strictly a medical question that is appropriately decided on the basis of medical evidence.

Id. at 1366–67 (footnote omitted). *See also Johnson v. Harsco/Heckett,* 737 P.2d 986 (Utah 1987); *Griffith v. Industrial Comm'n,* 754 P.2d 981 (Utah App.1988).

Rekward does not dispute he has reached medical stabilization, nor that he is permanently and partially disabled. Clearly, under *Booms,* the Commission acted properly in terminating Rekward's temporary total disability benefits as of the undisputed date of medical stabilization. To award temporary benefits after a permanent status has been determined would be inconsistent with Utah's workers' compensation statutes. *Johnson,* 737 P.2d at 988. These statutes provide for only four categories of disability benefits.[1] Rekward would have this Court create a fifth "rehabilitative disability benefit" to cover the uncompensated "gap" between his commencement of rehabilitation and either reemployment or a finding of permanent total disability. Although we sympathize with Rekward's unfortunate situation, the problem must be solved by the legislature and not this Court. *Booms,* 720 P.2d at 1367.

The Commission's order is affirmed.

GARFF and GREENWOOD, JJ., concur.

---

1. Utah Code Ann. §§ 35–1–65 (temporary total), –65.1 (temporary partial), –66 (permanent partial), and –67 (permanent total) (1987).